[S. F. No. 7544.   In Bank.—September 7, 1915.]

FRANCISCO GARCIA et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

WORKMEN'S COMPENSATION ACT—APPLICATION FOR COMPENSATION BY FATHER AND MOTHER FOR DEATH OF SON—DEPENDENCY—PROOF OF.—Upon an application to the industrial accident commission by a nonresident father and mother for compensation for the death of their son by accident arising in the course of his employment, there is no conclusive presumption that the father or mother was dependent for support either wholly or partly upon the deceased (Workmen's Compensation Act, sec. 19, subd. a). And subdivision b, of section 19 of the Workmen's Compensation Act provides that in all cases other than those specified in subdivision a, of the same section, "questions of entire or partial dependency, and questions as to who constitute dependents and the extent of their dependency, shall be determined in accordance with the fact, as the fact may be at the time of the death of the employee."

APPLICATION originally made to the Supreme Court of the State of California for a Writ of Certiorari to review the proceedings of the industrial accident commission denying an application of a father and mother for compensation for the death of their son.

The facts are stated in the opinion of the court.

Arthur Brandt, for Petitioners.

ANGELLOTTI, C. J.—This is an application for a writ of *certiorari* to review the proceedings of the industrial acci-

dent commission culminating in an order or decision denying Francisco Garcia and Josefa Vina Garcia, the nonresident father and mother of one Joe Garcia, compensation for the death of said Joe Garcia, who was killed July 17, 1914, by reason of an accident arising out of and in the course of his employment. The denial of compensation appears to have been based upon the conclusion that upon the facts shown it did not appear that either the father or mother was dependent for support either wholly or partly upon the deceased son. The only point made in the memorandum of points and authorities appears to be substantially that the evidence does not sustain any such conclusion as that arrived at by the commission. There is no conclusive presumption of such dependency in such a case as this. (Workmen's Compensation Act, subd. a, sec. 19, [Stats. 1913, p. 279].) And subdivision b of section 19, Workmen's Compensation Act, provides that in all cases other than those specified in subdivision a of the same section ''questions of entire or partial dependency, and questions as to who constitute dependents and the extent of their dependency, shall be determined in accordance with the fact, as the fact may be at the time of the death of the employee.'' We are not able to see in view of what is said in the memorandum of points and authorities that the evidence actually introduced did not furnish sufficient legal support for the conclusion of the commission on this question of fact.

The application for a writ of review is denied.

Sloss, J., Shaw, J., Lorigan, J., and Lawlor, J., concurred.