KUETBACH, by guardian *ad litem,* Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

KUETBACH, Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, imp., Appellants.

*November 16—December 4, 1917.*

*Workmen's compensation: Who are dependents; When rights become fixed: Statutes construed: Wife married after accident: Posthumous child not legitimate at date of accident: "Lineal descendant."*

1. Under sub. 5, sec. 2394—10, Stats., all questions as to who are dependents and the extent of their dependency upon a deceased employee are to be determined as of the date of the accident to such employee, and their right to any death benefit becomes fixed as of such date irrespective of any subsequent change in conditions.

2. Sub. 4 of said sec. 2394—10 limits the dependents to the classes of persons therein described; and every claimant must show that at the date of the accident he was within one of such classes.

3. Sub. 3 of said sec. 2394—10 does not create separate classes of dependents or provide for exceptions to the provisions of sub. 5; it merely prescribes the method of determining the degree of dependency of persons who, under sub. 4 and 5, are shown to be dependents.

4. Construing the statute as above stated, the wife of an employee "with whom she is living at the time of his death" is not declared by sub. 3 (a), sec. 2394—10, Stats., to be a dependent, and under sub. 5 is not a dependent unless she was such wife "at the date of the accident."

5. So, also, where a woman who was not at the date of the accident
the wife of the employee was pregnant by him before that date,
was married to him after that date, and lived with him until
his death, and thereafter the child was born, such child is not
declared by sub. 3 (c), sec. 2394—10, Stats., to be a dependent
and, his status as a legitimate child of the employee not having
been fixed "at the date of the accident," he is not a dependent,
under the express provisions of sub. 5, "irrespective of" the
"subsequent change in conditions." [What the result would
be in case an employee were lawfully married, his wife preg-
nant and living with him when he was injured, thereafter the
child should be born and the wife should die, and later the hus-
band should die, is not determined.]

APPEALS from judgments of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *One judgment
affirmed; the other reversed.*

Both of the above entitled actions arise out of the same ac-
cident and they will therefore be treated together. Claim
for compensation for accidental death. The deceased, Fer-
dinand Kuetbach, Jr., on and prior to December 19, 1915,
the date of the accident, was in the employ of the defendant
*Washington Cutlery Company,* and living with his father,
*Ferdinand Kuetbach, Sr.,* who was dependent upon him for
support. Prior to this time, as a result of illicit intimate
relations between the deceased and the respondent *Etta Kuet-
bach,* she was pregnant by the deceased. On May 18, 1916,
the deceased and *Etta Kuetbach* were married. On June 5,
1916, as a result of accidental injuries, the death of Ferdi-
nand Kuetbach, Jr., occurred, and on June 21, 1916, *Ferdi-
nand Edward Kuetbach,* the minor, was born. The widow,
*Etta Kuetbach,* was living with her husband, Ferdinand
Kuetbach, Jr., at the time of his death. The matter was
presented to the *Industrial Commission* and issue joined, and
upon the hearing the *Commission* made an award giving
compensation to the father, *Ferdinand Kuetbach, Sr. Etta
Kuetbach,* the widow, brought an action in the circuit court
for Dane county to review the award of the *Commission,* and

*Ferdinand Edward Kuetbach,* minor, by his guardian, brought a like action to review the award.    Upon the trial the circuit court reversed the award of the *Commission* as to the father, awarded compensation to the widow, and denied compensation to the minor child.    From the judgment of the circuit court *Ferdinand Edward Kuetbach,* minor, appeals in one case, and the *Industrial Commission, Washington Cutlery Company,* and *Ferdinand Edward Kuetbach,* minor, appeal in the other case.

*Emmet Horan, Jr.,* of Milwaukee, guardian *ad litem,* for the appellant *Ferdinand Edward Kuetbach.*

For the *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the *Washington Cutlery Company* there was a brief by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondent *Etta Kuetbach* there was a brief by *Bloodgood, Kemper & Bloodgood* of Milwaukee, and oral argument by *Jackson B. Kemper.*

Rosenberry, J.    By stipulation of the parties the issue in the cases, which it was agreed should be tried and heard together both in this and in the circuit court, is narrowed so as to present one question, to wit, the construction of sub. 3, 4, and 5 of sec. 2394—10, Stats., which are as follows:

"3. The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she is living at the time of his death.

"(b) A husband upon a wife with whom he is living at the time of her death.

"(c) A child or children under the age of eighteen years (or over said age, but physically or mentally incapacitated from earning), upon the parent with whom he or they are

living at the time of the death of such parent, there being no surviving dependent parent. . . .

"In all other cases questions of entire or partial dependency shall be determined in accordance with the fact, as the fact may be at the time of the accident to the employee; and in such other cases, if there is more than one person wholly dependent, the death benefit shall be divided equally among them, and persons partially dependent, if any, shall receive no part thereof; and if there is more than one person partially dependent, the death benefit shall be divided among them according to the relative extent of their dependency.

"4. No person shall be considered a dependent unless a member of the family of the deceased employee, or a divorced spouse who has not remarried, or one who bears to him the relation of husband or widow, or lineal descendant, or ancestor, or brother, or sister.

"5. Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions; and the death benefit shall be directly recoverable by and payable to the dependent or dependents entitled thereto or their legal guardians or trustees; provided that in case of the death of a dependent whose right to a death benefit has thus become fixed, so much of the same as is then unpaid shall be recoverable by and payable to his personal representatives in gross. No person shall be excluded as a dependent who is a nonresident alien."

The claims of the respective parties may be stated as follows: The *Industrial Commission* claims that all questions as to who constitute dependents and the extent of their dependency must be determined as of the date of the accident to the employee; that *Etta Kuetbach* was not the wife of the deceased at the time of the injury, and therefore not a dependent within the meaning of the statute, although she was his wife and living with him at the time of his death; that as to the minor, *Ferdinand Edward Kuetbach,* he was not at the time of the accident a legitimate child *en ventre sa mere;*

that no actual dependency could be proven on the date of the accident nor at the time of the death of the deceased, and that subsequent changes, such as the marriage of the deceased and *Etta Kuetbach,* could not enlarge the rights of the unborn child, inasmuch as the rights of all parties are to be determined, in accordance with sub. 5, as of the date of the accident. The claim of the employer company coincides with that of the *Industrial Commission.*

On behalf of *Etta Kuetbach* it is claimed that she was a wife dependent upon the husband with whom she was living at the time of his death and therefore entitled to compensation under the provisions of sub. 3 (a) of sec. 2394—10; that the infant, *Ferdinand Edward Kuetbach,* is not entitled to compensation because *Etta Kuetbach* was a surviving dependent parent and therefore *Ferdinand Edward* is not within the terms of sub. 3 (c).

On behalf of *Ferdinand Edward Kuetbach* it is claimed that the widow, *Etta Kuetbach,* is not entitled to compensation because she was not the wife of the deceased on the date of the injury, as of which date all questions of dependency should be determined; that *Ferdinand Edward Kuetbach* was conceived between September 13 and September 21, 1915, and was therefore on the date of the accident *en ventre sa mere,* and while not legitimate on that date he was legitimatized by the subsequent marriage of the deceased and *Etta Kuetbach,* that when so legitimatized his rights relate back to the date of the conception, and that *Ferdinand Edward* therefore is a lawful descendant and entitled to compensation as such under sub. 4 of sec. 2394—10 and wholly dependent in fact.

It must be admitted that the situation presented is a puzzling one and one probably not in contemplation of the legislature at the time of the enactment of the statute in question.

Sec. 2394—10 relates to the method of computing the compensation to be awarded the injured employee. As one of

the factors in such computation there must be determined the degree of dependency, whether entire or partial, and, if partial, the compensation must be determined in accordance with the fact.   Having in mind, no doubt, that many perplexing questions would be presented the exact nature of which could not be foreseen, the legislature by sub. 5 provided that all questions as to *who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the employee,* and their right to any death benefit shall become fixed as of such time, irrespective of any change in conditions, and makes the death benefit payable directly to the dependent, his guardian or trustee, and in case of his death to his personal representatives.   By sub. ·3 (a), (b), and (c) the degree of dependency in the cases falling within the terms of these subdivisions is not to be inquired into, but is to be conclusively presumed.   But before any person may be solely and wholly dependent he must be first brought within the class of those who constitute dependents, and whether or not a person is one of a class of dependents is to be determined as of the date of the accident and not as of the date of the death of the injured employee.   Therefore a wife living with her husband at the date of his death, who was not his wife at the time of the accident, is not a dependent within the meaning of the statute.   If the injured party has a wife on the date of the accident, and if thereafter and before his death she deserts him, she would still be a dependent, but she would not be presumed· to be solely and wholly dependent upon the ·deceased, and the degree of her dependency would be determined· in accordance with the fact under the provisions of the last paragraph of sub. 3.   Upon the date of the accident—the date as of which the question of who are dependents and the extent of their dependency must be determined—the father was the sole dependent, and in accordance with the express language of the statute he cannot be ·deprived of the death benefit by any subsequent change in

conditions, such as the marrying of the injured son.  So as between *Etta Kuetbach* and the father, *Ferdinand Kuetbach,* it must be held that he is entitled to the compensation.

We are not called upon in this case to determine what the result would be in case a man were lawfully married, his wife pregnant and living with him when he was injured, thereafter the child should be born, the wife should die, and later the husband should die.  The question presented by this record is entirely different.  Here there was no valid marriage at the time of the conception of the child and at the time of the accident the status of the child was not fixed. It might thereafter be made the legitimate child of the deceased by his subsequent marriage to *Etta Kuetbach,* but it certainly was not such on the day on which the accident occurred, as of which date all questions of dependency must be determined.  In this case there was a subsequent change, to wit, the intermarriage of the deceased and *Etta Kuetbach,* and the statute expressly says that any subsequent change shall not alter the rights of parties, which are to be determined as of the date of the accident.  To place any other construction upon this statute is to ignore and construe away the plain language of sub. 5.  If this case and other cases indicate to the legislative mind that there is a class of cases which should be excepted from the provisions of sub. 5, then the remedy should be by legislative enactment and not by ignoring the clear language of the law.

It is strongly urged that sub. 3 (a) creates a separate class of dependents and fixes the degree of their dependency, and that when the fact is established that the wife was living with her husband at the time of his death the fact of dependency and the degree of dependency are conclusively established in accordance with the provisions of sub. 3 (a).

Such a construction ignores the plain language of sub. 5. So construed, sub. 3 (a), (b), and (c) would be in the nature of exceptions to the provisions of sub. 5, and to that extent

in conflict with it.   Sub. 3 prescribes the method of determining the degree of dependency; sub. 4 limits the dependents to the classes of persons therein described; and sub. 5 prescribes the time as of which all questions relating to dependency and to the degree of dependency are to be determined. No claimant can bring himself within the provisions of the act except by establishing that he was on the date of the accident within the class of persons described in sub. 4.   Having established that fact, if it further appears that he was within the provisions of sub. 3 (a), (b), or (c), the degree of dependency is conclusively established, and in all other cases it must be proven and found in accordance with the fact as of the date of the accident.   Such we think was clearly the legislative intent.   The legislature may with good reason have come to the conclusion that parents who have reared a child are quite as much entitled to the benefits of compensation as a woman who, after a man is injured, marries him with full knowledge of all the facts.   She lost nothing by the accident. The parents or other dependents may have lost their sole means of support.   We are not concerned here with the policy of the law; the law is clear and the legislative intent is plain, and it is our duty to give it effect.

*By the Court.*—On the appeal of *Ferdinand Edward Kuetbach* the judgment of the circuit court is affirmed.   On the appeal of the *Industrial Commission* and others the judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to enter judgment affirming the award of the *Industrial Commission.*   No costs on either appeal.