[S. F. No. 11431.   In Bank.—July 31, 1925.]

GREAT WESTERN POWER COMPANY OF CALIFOR-NIA (a Corporation), Petitioner, v. INDUSTRIAL AC-CIDENT COMMISSION and JAMES SAVERCOOL, Respondents.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE—BASIS OF AWARD—RATE OF CONTRIBUTION—SEASONAL EMPLOYMENT.—In a proceeding before the Industrial Accident Commission for an award based upon the death of an employee, the Commission must determine as the basis of the award the "rate of contribution exist-

---

1. Compensation recoverable generally, under Workmen's Compensation Acts, notes, L. R. A. 1916A, 129; L. R. A. 1917D, 164. See, also, 28 R. C. L. 821.

ing as of the date of the injury"; and it is three times the annual contribution, according to that rate, and not three times the average annual earning of said employee, which the law says shall be the amount of the death benefit, even though his employment, up to the time of his death, had been only seasonal.

[2] ID.—DAILY WAGE—CONTRIBUTION TO FAMILY FUND—DEDUCTIONS.— In such a proceeding, where the evidence shows that the deceased employee, a minor, turned all his wages into the common family fund, the rate of contribution is the same as the rate of the daily wage, and it is only necessary to make the proper deductions, such as the amount charged to personal support of the employee and to his nondependents, from the anticipated gross earnings in order to arrive at the amount of the annual contribution according to the rate fixed by law.

[3] ID.—USE OF EARNINGS FOR BUSINESS PURPOSES—EVIDENCE—FINDINGS.—In such proceeding, where the Commission finds that the evidence is insufficient to establish the fact that any of the earnings of the employee, at the time of his injury, were used for any purpose other than the support of himself and his family, the Commission is not in error in not taking notice of the amounts withdrawn from the common bank account of the father and the employee, at a prior time, and used in the purchase of stock or equipment and on ranch upkeep and improvements.

[4] ID. — DEDUCTIONS FROM WAGE— FAILURE TO MAKE ALLOWANCE — WAIVER OF CLAIM.—On a proceeding in *certiorari* to review an award of the Industrial Accident Commission based upon the death of an employee, the claim of petitioner that no allowance was made by the Commission, in fixing the amount of the contribution to the dependents, for hospital dues and certain small personal expenditures by the employee at the petitioner's commissary, which were deducted from the employee's wages in issuing his pay checks, cannot be considered where such claim was not made to the Commission in the petition for a rehearing filed by petitioner in the proceeding before the Commission.

[5] ID.—GRANDFATHER AS DEPENDENT—EVIDENCE—FINDING.—In this proceeding in *certiorari* to review an award of the Industrial Accident Commission based upon the death of an employee, the evidence was found sufficient to sustain the finding of the Commission to the effect that the decedent's aged grandfather, who lived alone on a small ranch but was incapacitated for labor, was a member of the family of the decedent, and was actually supported out of the common family fund, upon substantially the same basis as other partial dependents.

[6] ID. — JURISDICTION TO ACCOMPLISH SUBSTANTIAL JUSTICE — WIDE POWERS OF COMMISSION.—By both constitutional enactment (art. XX, sec. 21) and legislative decree (Workmen's Compensation Act, sec. 1) the Industrial Accident Commission is vested with wide

powers, to the end that the administration of legislation enacted to create and enforce a complete system of workmen's compensation "shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character."

[7] ID.—TIME FOR FILING CLAIM—SUBSEQUENT ADDITION OF PARTIES CLAIMANT.—Under section 11 (a) of the Workmen's Compensation Act, where a claim for compensation based upon the death of an employee, a minor, is filed by the father and mother of the decedent within one year from the date of death, the Commission has jurisdiction thereafter, and after the lapse of one year, but during the continuing jurisdiction of the Commission, to add the dependent grandfather of the decedent as a party claimant in the proceeding.

[8] ID.—FAIRNESS OF AWARD—BASIS OF RATE—REVIEW BY COURT—PRIOR AWARD.—The question of the fairness of an award based upon the rate of contribution by the decedent "as of the date of the injury" may not be addressed to the court on *certiorari* to review an award of the Industrial Accident Commission computed on such basis, unless the court can say the award is unreasonable; and in this proceeding in *certiorari*, although the award upon such basis was greater than a prior award of the Commission based upon the average annual earnings of the decedent (which prior award had been annulled by the court as having been determined by an erroneous method), the court cannot say that such increased award was so large in amount as to be unreasonable.

---

(1) Workmen's Compensation Acts, C. J., p. 100, n. 74 New. (2) Workmen's Compensation Acts, C. J., p. 100, n. 74 New. (3) Workmen's Compensation Acts, C. J., p. 100, n. 74 New. (4) Workmen's Compensation Acts, C. J., p. 121, n. 24 New. (5) Workmen's Compensation Acts, C. J., p. 62, n. 84, p. 114, n. 9, 12 New, p. 115, n. 37. (6) Workmen's Compensation Acts, C. J., p. 114, n. 9. (7) Workmen's Compensation Acts, C. J., p. 114, n. 12 New. (8) Workmen's Compensation Acts, C. J., p. 99, n. 51, p. 122, n. 39.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Affirmed.

The facts are stated in the opinion of the court.

Cooley & Gallagher and W. H. Spaulding for Petitioner.

Warren H. Pillsbury for Respondents.

WASTE, J.—Petitioner is here seeking an annulment of an award of the Industrial Accident Commission. Lorin Saver-

cool, a minor twenty years of age, while in the petitioner's employ, received injuries which resulted in his death. A claim was filed by his father, James Savercool, with the Industrial Accident Commission on behalf of himself, his wife and minor children, for a death benefit under the Workmen's Compensation Act [Stats. 1917, p. 831], in which the applicant alleged himself and his family to have been partially dependent on the deceased employee for support. After a lengthy hearing, the Commission found the annual contribution of the minor to the support of the family, during the year previous to his death, amounted to $1,366.66. Assuming that sum to be the employee's "average annual earnings," it allowed three times the amount as a death benefit, and made an award in the sum of $4,099.98, which it directed to be paid to James Savercool "in his own right to be used for the support of all the dependents." On *certiorari* to this court, the award was annulled for the reasons stated in the opinion, and the cause was remanded to the Industrial Accident Commission for further proceedings in accordance with our decision. (*Great Western Power Co.* v. *Industrial Acc. Com.*, 191 Cal. 724 [218 Pac. 1009].) On the going down of the *remittitur* no new testimony was taken, but, after proceedings had for the purpose, in which the petitioner was at all times represented, a new award was made on the same evidence that was presented in the former proceeding here.

It is unnecessary to make a full restatement of the facts involved, for they will be found in the former opinion (*supra*). The petitioner contends that, in making the second award, which is larger in amount than the first, the Commission has exceeded its jurisdiction in a number of specified particulars, and that it has placed an erroneous construction upon our former decision in the case and upon the opinion of the court in *Spreckels Sugar Co.* v. *Industrial Acc. Com.*, 186 Cal. 256 [199 Pac. 8]. In the former proceeding the respondent Commission fixed the death benefit for partial dependency upon the amount it found the deceased employee actually contributed to the support of his father's family during the year preceding his death. On the theory that the decedent's employment was seasonal, it being customary for him to work at wages during the summer months, and to perform services about his father's farm and in other

ventures during the winter months, the Commission went fully into the employee's activities over a period of one year and more, in order to determine his annual contribution to the dependents. We were of the opinion, therefore, that it adopted an erroneous method in arriving at the amount of the annual contribution devoted by the decedent to the support of his partial dependents, which the law requires as the basis of an allowance of a death benefit. [1] It did not determine as the basis of the award the "rate of contribution existing as of the date of the injury." It is that rate which the Commission must determine from all the facts in such a case, and when it has determined it, it is three times the amount of the annual contribution, according to that rate, which the law says shall be the amount of the death benefit. (*Spreckels Sugar Co.* v. *Industrial Acc. Com., supra; Great Western Power Co.* v. *Industrial Acc. Com., supra; Market St. Ry. Co.* v. *Industrial Acc. Com.,* 193 Cal. 178, 182 [224 Pac. 95] ; Workmen's Compensation Act, sec. 9.) After a somewhat critical discussion of the reasoning of the Commission, and of the evidence on which it based its finding, we indicated the facts which, in our opinion, afforded a plain, simple, and, in the light of the Spreckels case, the only logical and legal basis on which to compute the annual amount devoted by the decedent to the support of the dependents. For some time before his [the employee's] injury, the rate of compensation for his services in the mill of petitioner was seventy-four cents per hour. All of his wages, other than a small deduction for hospital dues and for supplies obtained from petitioner's commissary by the Savercool family, were paid by checks. These he gave to his mother for deposit in the joint bank account of his father and himself. The whole amount, according to the evidence, was in fact turned into the common family fund, which, as has been related, was used for the support of the family and the upkeep of the different ranches, and in whatever small business affairs the father and son were from time to time engaged in. We made no immediate application to the facts of the case of the rule to be followed, leaving that to be done by the Commission, in the light of the provisions of the Workmen's Compensation Act and the established rules of procedure and interpretation.

In response to the present writ of review the respondent Commission asserts that it has endeavored to closely follow the rule in the Spreckels case, reaffirmed in our former opinion. It found that the employee earned $459.41 during the period between July 1 and September 17, 1920, the date of his injury, a period of seventy-nine days, or an average of $5.81 per day (we disregard fractions of a cent), for employment seven days a week. It multiplied the daily wage by 365, the number of days in a year, the result, $2,122.47, being the anticipated earnings of the minor at that rate for the year following, had he not received the injuries resulting in his death. From the result thus obtained the Commission deducted $360 for the estimated cost of the employee's own support, and the sum of $146.87, the cost of support of a sister of the employee who was not dependent upon him for any part of her support. The net result, or the sum of $1,615.60, the Commission found to be the annual amount devoted by the employee to the support of his dependents. Applying the rule of the Compensation Act (*supra*), it fixed the award at three times the annual rate of contribution thus determined, the full amount of the death benefit, with $100 added for burial expenses, being $4,946.80.

[2] Petitioner complains that the Commission used a gross daily wage as of the date of the injury as the basis of its award, and not the rate of devotion to the support of the family on that date. That is not exactly so. The evidence showed that the employee turned all his wages into the common family fund. Consequently, the rate of contribution was the same as the rate of the daily wage, and it was only necessary to make the proper deductions from the anticipated gross earnings in order to arrive at the amount of the annual contribution according to the rate. The Commission did that by deducting an amount charged to the personal support of the employee, and to the nondependent sister.

[3] Petitioner charges that the Commission was in error in not taking notice of the amounts withdrawn from the common bank account of the father and the employee and used in the purchase of stock or equipment and on ranch upkeep and improvement. For the reasons so plainly stated by Mr. Justice Olney in *Spreckels* v. *Industrial Acc. Com.*,

*supra,* and in view of the evidence in the case, those matters had no connection with the rate of contribution by the employee at the time of his injury, and were an immaterial consideration in arriving at that rate. The Commission found that the decedent left the family ranch during 1920, and started working for wages, thereby making a change in conditions, which existed at the time of his injury, and that the evidence was insufficient to establish the fact that any of his earnings, at the time of his injury, were used for any purpose other than the support of himself and his family.

It is next urged that the Commission assumed a year-round employment of the decedent at the same rate, while the evidence shows that his employment for wages had been, up to the time of his death, only seasonal. In a sense, in a very large number of cases, employment in industry is irregular, and in many it is seasonal. But, the "theory of the compensation act as to death cases is that the dependents of the employee killed through some hazard of his employment shall be compensated for the loss of the support they were receiving from him at the time of his injury. This necessarily means that the death benefit must be computed on the rate of contribution at that time. It is the rate which is the measure of the loss, not the gross amount which the decedent has happened to pay through any past year, or through any other period of time." (*Spreckels Sugar Co. v. Industrial Acc. Com., supra.*) Under this theory, and we are satisfied that it is the correct one, and according to the evidence, the loss of the support the family of the decedent was receiving from him at the time of the injury was measured by his daily wage of $5.81½, or $2,122.47½ per year, less the cost of his own support, and other proper deductions, regardless of how long that support had been continuing; and compensation for the loss must be upon that basis, and not upon the basis of what the employee has actually contributed in a seasonal, or any given time of employment.

[4] Complaint is made by petitioner that no allowance was made by the Commission, in fixing the amount of the contribution to the dependents, for hospital dues and certain small personal expenditures by the employee at the petitioner's commissary, which were deducted from the employee's wages in issuing his pay checks. The findings are

silent on the subject, but the claim of the petitioner cannot be considered in this proceeding on the writ of review, for the reason that it was not made to the Commission in the petition for rehearing filed by petitioner in the proceeding below. (Workmen's Compensation Act, sec. 64 [c].)

[5]    Finally, petitioner contends that the respondent Commission exceeded its jurisdiction in including in its award an allowance for William W. Savercool, the decedent's grandfather. Two contentions are made: First, that the grandfather was not a dependent, and, second, that his claim was barred because not presented in time. The evidence shows that the grandfather was, at the time of the employee's death, seventy-six years old, and was incapacitated for labor. He lived alone on a small ranch, and was furnished with his groceries and supplies by his son, the applicant James Savercool, and his grandson, the deceased employee. In return for this support, he appears to have done a little work around the ranch, increasingly less as he grew older, until it amounted to but very little. The Commission found that he was a member of the family of the decedent, and actually supported out of the common fund, upon substantially the same basis as the other partial dependents. There is evidence in the record which supports the finding. We therefore deem it unnecessary to discuss the family relations and the situation of the parties, from which petitioner would have us form an opinion different from that held by the respondent. It made no special finding as to the extent of the grandfather's dependency, it is true, but set apart the entire death benefit to James Savercool, the father, for the use of the family, under the discretion granted to it by the Workmen's Compensation Act (sec. 14 [c]).

The more serious problem is that presented by the contention of the petitioner that any claim for compensation by the grandfather is barred by the limitation of time prescribed by the Workmen's Compensation Act (sec. 11 [a]). which provides that, unless compensation is paid, or an agreement for its payment made within the time limited in the section for the institution of proceedings for its collection, the right to institute such proceedings shall be barred. Proceedings for the collection of a death benefit, in cases like the one at bar, must be commenced within one year from the date of death. William W. Savercool, the

grandfather, was not originally a party claimant in the proceeding before the Commission. The original application for compensation for the death of the employee was filed December 28, 1920, by James and Lillian Savercool, father and mother of the decedent. Among the other allegations, it was therein stated that "Wm. Savercool, grandfather, aged 73," was one of the dependents, the others being the father and mother, and nine brothers and sisters under eighteen years of age. After proceedings had, an award made and set aside, the matter came on for rehearing on June 29, 1922. At that time, applicant James Savercool requested that William W. Savercool, the grandfather, be joined as a party applicant in the proceeding. Over the objections of petitioner, first, that the request "came late," and, second, that the grandfather "was not a member of the household," the order was made. William W. Savercool was not present at the hearing, no appearance was made for him, other than a waiver of notice, and a consent that the hearing proceed, which was entered by the applicant James Savercool. Thereafter the Commission made its first award, in which it held that the application of the grandfather was barred because not presented in time. When that award was annulled, and the proceedings remanded, the petitioner objected to the inclusion of the grandfather in the action on the ground that he had never requested any relief in the premises. Thereupon, apparently at the behest of the Commission, William W. Savercool filed written appearance, and requested that an award be entered in his favor for such amount as he should be entitled to "by reason of the circumstances involved in this matter." Formal objection to the grandfather being included in the proceedings was made by petitioner, and, we may assume, overruled, for subsequently the respondent made new findings in which it decided that the claim of the grandfather was filed within time.

In support of its finding that the claim of William W. Savercool was filed within time, which is in effect a finding that the applicant instituted a proceeding for the collection of a death benefit within the time limited by the Workmen's Compensation Act, the respondent invokes the application of the proviso, found in section 11 (a), *supra*, which declares that the filing of an application with the Commission for any portion of the benefits prescribed by the Workmen's Com-

pensation Act shall render section 11 inoperative as to all further claims of any person or persons for compensation arising from the same transaction, and that the right to present such further claims shall be governed by the provisions of section 20 (d) and section 65 (b) of the act. The two latter sections provide that the Commission shall have continuing jurisdiction over all its orders, decisions, and awards made and entered under the provisions of sections 6 to 31, inclusive, of the Workmen's Compensation Act. No order was made in the matter of bringing William W. Savercool into the proceeding as an applicant until more than one and a half years after the death of the employee. If he was not properly before the Commission before that time, either actually or so constructively as to be subject to its jurisdiction, he was not brought in by either of his belated appearances. The respondent's position, then, is that under the saving terms of the proviso in section 11 (a), *supra,* the grandfather was so constructively before the Commission that it had jurisdiction to determine his right to claim compensation. While there is some force in the contention of the petitioner, that the proviso removing the limitation of time for instituting proceedings for compensation should be held to relate only to claims for injury, we are of the view that it should be given a more generous interpretation. **[6]** By both constitutional enactment (art. XX, sec. 21) and legislative decree (Workmen's Compensation Act, sec. 1) the Industrial Accident Commission is vested with wide powers, to the end that the administration of legislation enacted to create and enforce a complete system of workmen's compensation "shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character." **[7]** The Workmen's Compensation Act provides (sec. 17 [c]) that there shall be but one cause of action for each transaction coming within the provisions of the act. All claims brought for medical expense, disability payments, death benefits, burial expense, liens, or any other matter arising out of such transaction may, in the discretion of the Commission, be joined in the same proceeding at any time. Going one step further, we see no reason why the legislature may not have intended to provide, in the proviso to section 11 (a), that when a claim for any portion of the benefits prescribed by the act has

reached the point where it is necessary or expedient to submit the matter to the decision of the Industrial Accident Commission, the whole subject matter of the controversy, including the further claims of the applicant, or of any and all other persons, should be thereby submitted to the jurisdiction of the Commission for a complete determination, provided, of course, that all claims relating to the transaction be presented within the life of the continuing jurisdiction of the Commission. That, we conclude, was the legislative intent, and the effect of the proviso added to section 11 (a). From this conclusion, it results that the respondent did not exceed its jurisdiction in adding William W. Savercool as a party claimant in the proceeding.

[8] Considerable discussion has been evoked in this case as to the fairness of an award of a death benefit predicated upon a rigid adherence to the rule laid down in *Spreckels Sugar Co.* v. *Industrial Acc. Com., supra.* Rigid adherence to any rule, in such cases, may, in some instances, and doubtless will, work a hardship. In some cases the hardship will fall on the employer; in others it will be visited on the dependents of the employee. Such a consideration is not one that may be addressed to this court unless we can say the award is unreasonable. (Workmen's Compensation Act, sec. 67 [b].) While in this case the present award is considerably greater than the first one, which was determined by an erroneous method, we are unable to say that it is so large in amount as to be unreasonable.

The award is affirmed.

Lawlor, J., Richards, J., Seawell, J., and Lennon. J.. concurred.

Rehearing denied.