[Civ. No. 5771. Second Appellate District, Division One.—August 22, 1927.]

WILLIAM J. JONES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

W. Matthews and H. W. Shaw for Petitioner.

G. C. Faulkner for Respondents.

CONREY, P. J.—By an award of the Industrial Accident Commission dated November 12, 1923, compensation in the sum of $5,000, payable in weekly payments, was allowed against the employer's insurance carrier, Fidelity and Casualty Company of New York, and in favor of Cora M. Deranleau, surviving wife of Michael Deranleau, who was killed by accident on June 30, 1923. Cora M. Deranleau died on the thirteenth day of December, 1926, at which time there remained unpaid of said award the sum of $1,366.46. Apparently it is not claimed that there was any delinquency on account of payments due, but this was the unexpired balance of the award.

On the fourth day of February, 1927, the petitioner, William J. Jones (father of Mrs. Deranleau), filed with the Industrial Accident Commission a petition requesting that the Commission set apart or reassign to him the unpaid balance of said death benefit. It did not appear in any of the proceedings down to the time of the death of Mrs. Deranleau that Jones was a dependent of the deceased employee. At the time of the hearing before the referee on the seventh day of April, 1927, the claim of dependency of Jones upon the deceased employee was mentioned for the first time. Jones was then permitted to amend his petition by alleging "that at the time of the death of the said Michael Deranleau the said petitioner William J. Jones was in ill health and was dependent upon said Michael Deranleau for support." Upon the ground that the petition did not state a cause of action and was not within the provisions of subdivisions (c) and (e) of section 14 of the Workmen's Compensation, Insurance and Safety Act of 1917 (Stats. 1917, p. 831), as amended (Stats. 1919, pp. 917, 918), the referee refused to take any testimony on behalf of the petitioner. Thereafter the Commission made its order denying his said petition. In due course he filed this petition for a writ of review.

According to section 11 (b) of the act, any proceeding by or on behalf of Jones for the collection of a death benefit must have been commenced within one year from the date of the employee's death. As no claim was made by peti-

tioner within that time, he can obtain no benefit from the Commission's award unless it be held that the claim made by his daughter, and the award made to her, may be construed as a claim and award made in behalf of her father as well as on her own account. "There shall be but one cause of action for each transaction coming within the provisions of this Act." (Sec. 17 [c].) It may be conceded that if the original proceedings had shown that Jones was a dependent of the deceased employee, the award might have been made in favor of both Mrs. Deranleau and Jones as such dependents, or might have been made in her favor not only for her own support, but in trust for the support of her father. For aught that appears herein, if such claim had been made by him she would have contested it and would have insisted that she should be recognized as the sole dependent beneficiary. Section 14 (e) of the act reads as follows:

"The commission may, anything in this act contained to the contrary notwithstanding, set apart or reassign the death benefit to any one or more of the dependents in accordance with their respective needs and as may be just and equitable, and may order payment to a dependent subsequent in right, or not otherwise entitled, upon good cause being shown therefor. Such death benefit shall be paid to such one or more of the dependents of the deceased or to a trustee appointed by the commission or a commissioner for the benefit of the person or persons entitled, as may be determined by the commission. The person to whom the death benefit is paid for the use of the several beneficiaries shall apply the same in compliance with the findings and directions of the commission. In the event of the death of a dependent beneficiary of any deceased employee, if there be no surviving dependent, the death of such dependent shall terminate the death benefit, which shall not survive to the estate of such deceased dependent, except that payments of such death benefit accrued and payable at the time of the death of such sole remaining dependent shall be paid upon the order of the commission to the heirs of such dependent or, if none, to the heirs of the deceased employee, without administration."

Counsel for petitioner state that they have not been able to find any decision upon the point now presented for decision. It is our opinion that the Commission was not author-

ized, and that we are not authorized, to go beyond the record as it existed at the time of the death of Mrs. Deranleau, for the purpose of discovering a dependent beneficiary not known to the original proceedings. ■ It must be conceded that petitioner has no claim here as an heir at law of his deceased daughter. His right to make claim as a dependent of the deceased employee has expired by lapse of time, and in the plain language of the statute that portion of the death benefit not yet "accrued and payable" to Mrs. Deranleau at the time of her death was terminated by that event.

The petition is denied.

Houser, J., and York, J., concurred.