MRS. C. A. REAGH ET AL. V. TEXAS INDEMNITY INSURANCE COMPANY.

No. 6160. Decided January 24, 1934.
(67 S. W., 2d Series, 233.)

*Wm. J. B. Myres,* of Tulsa, Okla., and *Shannon, Ochsner & Pheiffer,* of Amarillo, for appellants.

Under the Workmens' Compensation Law of Texas, a right of action is given to the beneficiaries of a deceased employee, as the same may be determined at the date of the death of such employee, and the fact that Mrs. Reagh was not the wife of C. A. Reagh on the date of his injury was immaterial. Jennings v. Moss, 4 Texas, 452; Hollis v. Border, 10 Texas, 359; Jago v. Indemnity Ins. Co. of N. A., 36 S. W. (2d) 980.

*Underwood, Johnson, Dooley & Huff*, of Amarillo, *W. P. Z. German, Alvin F. Molony, Robert M. Turpin*, of Tulsa, Okla., and *Black & Graves*, of Austin, for appellee.

The appellant having married the deceased workman many months after he received the injury said to have caused his death, is not a legal beneficiary of such deceased workman, because the applicable statute does not name and specify as a legal beneficiary a woman who is not a legal wife at the time of the injury but who at a time subsequent to the injury acquires such status. Oil Mens Reciprocal Association v. Franklin, 116 Texas, 62, 286 S. W., 195; Mingus v. Wadley, 115 Texas, 559, 285 S. W., 1084; Gilley v. Aetna Life Ins. Co., 35 S. W. (2d) 136; Black Interpretation of Laws (2d ed.), page 427.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals for the Seventh District has submitted the following certificate and certified question:

"The appellee, Insurance Company, filed this suit against the appellants Mrs. C. A. Reagh and W. J. B. Myres, to set aside an award of the Industrial Accident Board, by which award Mrs. Reagh was allowed compensation on account of the death of her husband.

"Mrs. Reagh and her attorney Myres filed their answer and cross-action, alleging that on June 26, 1929, C. A. Reagh, while an employee of the Skelly Oil Company, was injured. That thereafter, on March 10, 1931, he married the appellant, Mrs. C. A. Reagh, and thereafter, on May 4, 1931, died as a result of the injuries received in June, 1929.

"The appellee Insurance Company, by supplemental petition, among other defenses, urged a general demurrer to the appellants' cross-action.

"The Court sustained the general demurrer for the reason stated in the judgment that it appeared that the claimant, Mrs. Reagh, was not the legal wife of the deceased, C. A. Reagh, at

the time he received the alleged injury which resulted in his death.

"The appellants declined to amend and the cross-action was dismissed. It was further decreed that the award made by the Industrial Accident Board be set aside and held for naught. * * *

"We certify to your honors the following question:

"C. A. Reagh having been injured June 26, 1929, and married March 10, 1931, and thereafter died on May 4, 1931, while living with his wife, is she entitled to compensation under the statute?"

Section 8 of Article 8306, R. C. S., provides in part as follows:

"If death should result from the injury, the association hereinafter created shall pay the legal beneficiaries of the deceased employe a weekly payment" etc.

Section 8a of the same article reads partly as follows:

"The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employe; * * * provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and that said right be a complete, absolute and vested one. * * *"

It fairly appears from the provisions of Section 8a that, subject to the limitation respecting abandonment as there provided, the surviving wife of the deceased employe is made a legal beneficiary as contemplated by the other section. The last quoted clause of Section 8a leaves no reasonable ground to conclude that the Legislature intended that the right of the surviving wife to compensation for the death of her husband, shall depend in any degree on the existence of the marital relation at the time the latter receives the fatal injuries. On the contrary, the statute plainly contemplates, as one of the basic facts upon which compensation to the wife depends, the existence of such marital relation "at the date of the death of the deceased," and not at some other time.

The decisions of other jurisdictions, to which we have been

cited, are grounded on statutory provisions which, either expressly or by clear implication, require that the character as beneficiary, respecting compensation for the death of the injured employe, be determined as of the time said injury occurred. In this respect those statutory provisions are different from ours.

We recommend that the certified question be answered "yes."

The opinion of the Commission of Appeals answering the certified question is adopted, and ordered certified.

C. M. CURETON, Chief Justice.