### REAGH et al. v. TEXAS INDEMNITY INS. CO.
No. 3783.

Court of Civil Appeals of Texas. Amarillo.

April 2, 1934.

Shannon, Ochsner & Pheiffer, of Amarillo, for appellants.

Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellee.

HALL, Chief Justice.

The appellee insurance company filed this suit against appellants Mrs. Reagh and her attorney to set aside an award of the Industrial Accident Board, which award allowed compensation on account of the death of her husband. She and her attorney answered, and by cross-action alleged that on June 26, 1929, C. A. Reagh, while an employee of the Skelly Oil Company, was injured; that thereafter, on March 10, 1931, he married the appellant Mrs. Reagh; and on May 4, 1931, he died as a result of the injuries received on June 26, 1929. By supplemental petition, the insurance company filed a general demurrer to the appellants' cross-action. The court sustained this demurrer, for the reasons stated in the judgment that it appeared that claimant Mrs. Reagh was not the legal wife of the deceased, C. A. Reagh, at the time he received the alleged injury which resulted in his death. The appellants declined to amend, and the cross-action was dismissed. It was further decreed that the award made by the Industrial Accident Board be set aside and held for naught.

During the last term of this court we certified to the Supreme Court the following question: "C. A. Reagh having been injured June 26, 1929, and married March 10, 1931, and thereafter died on May 4, 1931, while living with his wife, is she entitled to compensation under the statutes? (Sections 8 and 8a of R. S. art. 8306.)"

This question was answered by the Commission of Appeals in the affirmative [67 S.W.(2d) 233].

Since it clearly appears from the record that the trial court sustained the general demurrer upon the sole ground that it appeared from the petition that Mrs. Reagh was not the wife of C. A. Reagh at the time he received the injuries, and since it further appears from the answer to the certified question that the ruling of the trial judge was error, it becomes the duty of this court to reverse the judgment and remand the cause for another trial.

The record shows that, after the general demurrer was sustained, the appellants at first refused to amend, and the court dismissed the case. Thereafter, and at the same term of the court, the appellants decided to amend their cross-action, and moved the court to set aside the judgment of dismissal and permit their amendment to be filed. This motion was denied, presumably upon the ground that the cross-action in no wise changed the facts alleged in the original cross-action showing that Mrs. Reagh was not the wife of C. A. Reagh at the time of his injuries. The general rule is that the matter of setting aside a judgment of dismissal and permitting the plaintiff to amend is largely within the discretion of the trial court. If it appears to the appellate tribunal that such discretion has been abused and that the ends of justice will be promoted by a reversal, it is clearly the duty of the reviewing court to reverse such judgment in order that the party may amend. The answer to the certified question shows that injustice has resulted from the ruling of the trial court. Jago et al. v. Indemnity Insurance Co. of North America, 120 Tex. 204, 36 S.W.(2d) 980; Jirou v. Jirou (Tex. Civ. App.) 136 S. W. 493; Wichita County v. Tittle (Tex. Com. App.) 41 S.W.(2d) 11.

Reversed and remanded.