[S. F. No. 15440. In Bank.—May 1, 1936.]

MARKET STREET RAILWAY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRANK HENRY HOPKINS et al., Respondents.

Wm. M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Petitioner.

Everett A. Corten and Alfred C. Skaife for Respondents.

THE COURT.—This is a proceeding to review an award of the Industrial Accident Commission.

On July 24, 1930, Alfred Hopkins, an employee of petitioner, suffered a compensable injury from which he died the same day. On July 30, 1930, his widow, Minnie Hopkins, applied for a death benefit. The Commission awarded her the sum of $4,695, payable in weekly instalments of $19.56. On July 12, 1933, she died, having received the sum of $2,894, with $135 accrued but not paid.

Thereafter, on June 27, 1934, Frank Hopkins, a son, filed a petition seeking reassignment to him of the sum of $1666, the unaccrued portion of the award. The Commission, on August 27, 1934, found that he was wholly dependent on his father at the time of his death, and reassigned to him the amount due. The petitioning employer attacks the order on the ground that the claim of Frank Hopkins, made more than one year after the employee's death, was barred by the statute of limitations. This is the only issue, for the Commission clearly has power to reopen a proceeding within 245 weeks, and to reassign or redistribute benefits, under section 14 (e) of the Workmen's Compensation Act.

In our opinion the Commission had jurisdiction to make the order. The Workmen's Compensation Act, section 11 (a), provides for the tolling of the statute of limitations by the filing of an application for benefits under the act. The section declares that such an application renders inoperative the limitation provisions "as to all further claims of *any per-*

*son or persons* for compensation arising from the *same transaction"*, and the right to present such further claims is governed by the provisions of sections 20d and 65b of the act. Section 17 (c) provides that there shall be "but one cause of action for each transaction". ■ It is perfectly clear that under these sections there is but one claim or "cause of action" for a compensable injury, and that when any person files an application for an award, the Commission has jurisdiction over the cause, and for 245 weeks thereafter has power to determine dependency and amount of benefits, and to distribute or redistribute the same. This certainly includes the power to determine the rights of dependents who come in after a year from the death. The statute of limitations runs against the *claim* or cause of action, not against the *persons* who are to receive the award or any portion thereof. If the claim is filed in time, nothing more is necessary to give jurisdiction over a party who comes in later.

The case of *Great Western Power Co.* v. *Industrial Acc. Com.*, 196 Cal. 593 [238 Pac. 662], is in point. There an award was made to the father of a deceased employee, and over a year later the deceased's grandfather applied for a portion of the sum given. This court held that he could come into the proceeding. It is urged by way of distinction that in the foregoing case the original application of the father mentioned the grandfather as a dependent, whereas in the present case there was no mention of the son in the original petition. But this is an immaterial difference. Mention of a person in another's application does not of itself make him a party to the proceeding, and in our former decision this was recognized, for the opinion states that Savercool (the applicant) "was not originally a party claimant", "was not present at the hearing, no appearance was made for him", and "no order was made in the matter of bringing (him) into the proceeding as an applicant until more than one and a half years after the death". (196 Cal. 601, 602.) The ground of the decision is thus stated in the opinion (196 Cal. 602) :

"Going one step further, we see no reason why the legislature may not have intended to provide, in the proviso to section 11 (a), that when a claim for any portion of the benefits prescribed by the act has reached the point where it is necessary or expedient to submit the matter to the decision

of the Industrial Accident Commission, the whole subject-matter of the controversy, including the further claims of the applicant, *or of any and all other persons,* should be thereby submitted to the jurisdiction of the Commission for a complete determination, provided, of course, that all claims relating to the transaction be presented *within the life of the continuing jurisdiction* of the Commission. That, we conclude, was the legislative intent, and the effect of the proviso added to section 11 (a). From this conclusion, it results that the respondent did not exceed its jurisdiction in adding William W. Savercool as a party claimant in the proceeding''. (Italics ours.)

In view of the language and decision in the foregoing case, the case of *Jones* v. *Industrial Acc. Com.,* 85 Cal. App. 201 [259 Pac. 73], in which our former decision was not discussed, cannot be regarded as controlling.

The award is affirmed.

Rehearing denied.