[Civ. No. 10919.   Second Appellate District, Division Two.—June 19, 1936.]

ROSENDA IBARRA, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Samuel A. Miller and Samuel Reichler for Petitioner.

Everett A. Corten for Respondents.

CRAIL, P. J.—This is a review of an order of the Industrial Accident Commission entitled supplemental findings and award of January 28, 1936. ■ Petitioner was the alleged wife of Eduardo C. Ybarra, also known as Eduardo C. Ibarra, who was killed on February 16, 1934, and the petitioner, if she was his widow, was entitled to death benefits; but she did not know of the death of said Ybarra and did not learn of the fact for twenty-one months. In the meantime, another woman petitioned the Commission for the death benefits, claiming to be the widow of the decedent, and she was awarded the sum of $2,371.20 payable at the rate of $9.88 per week. Under this award the insurance carrier paid out the sum of $1521.52. As soon as the petitioner became aware of the death of her husband she made application to the Commission for a supplemental and amended award. After hearing the evidence the Commission, following *Jones* v. *Industrial Acc. Com.*, 85 Cal. App. 201 [259 Pac. 73], made a finding that petitioner's application was barred by section 11 (a) of the Workmen's Compensation Act because not filed within one year.

This order of the Commission, however, was made prior to the ruling of the Supreme Court in the case of *Market Street Ry. Co.* v. *Industrial Acc. Com.*, 6 Cal. (2d) 344 [57 Pac. (2d) 499], in which the court reversed the Jones case, *supra,* and said: ''In our opinion the Commission had jurisdiction to make the order. The Workmen's Compensation Act, section 11 (a), provides for the tolling of the statute of limitations by the filing of an application for the benefits under the act. The section declares that such an application renders inoperative the limitation provisions 'as to all further claims of *any person or persons* for compensation arising from the *same transaction'*, and the right to present such further claims is governed by the provisions of sections 20d and 65b of the act. Section 17 (c) provides that there shall be 'but one cause of action for each transaction'. It is perfectly clear that under these sections there is but one claim or 'cause of action' for a compensable injury, and that when any person files an application for an award, the Commission has jurisdiction over the cause, and for 245 weeks thereafter has power to determine dependency and amount of benefits, and to distribute and redistribute

the .same. This certainly includes the power to determine the right of dependents who come in after a year from the death. The statute of limitations runs against the *claim* or cause of action, not against the *persons* who are to receive the award or any portion thereof. If the claim is filed in time, nothing more is necessary to give jurisdiction over a party who comes in later. . . . In view of the language and decision in the foregoing case, the case of *Jones* v. *Industrial Acc. Com.,* 85 Cal. App. 201 [259 Pac. 73], in which our former decision was not discussed, cannot be regarded as controlling.'' The Commission itself joins with petitioner in requesting that the matters be remanded to the Commission for further proceedings.

The supplemental findings and award of the Commission of January 28, 1936, are annulled and the case remanded to the Commission for further proceedings to the end that findings and an order be made upon the merits of the case.

Wood, J., and Gould, J., *pro tem.,* concurred.