[L. A. No. 19130. In Bank. Nov. 17, 1944.]

MARGUERITE GRANELL, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Hiram T. Kellogg for Petitioner.

Everett A. Corten, Dan Murphy, Jr., and J. L. Kearney for Respondents.

CARTER, J.—Decedent, Jonas D. Granell, sustained injuries arising out of and occurring in the course of his employment by respondent, Loew's Incorporated, on September 25, 1941. He married the applicant on January 17, 1942, and died as a result of those injuries on August 1, 1943. From

the time of the marriage to the death of Granell, applicant and decedent lived together as husband and wife and she was wholly dependent upon him for support.

The Industrial Accident Commission denied applicant's claim to a death benefit on the ground that she was not decedent's wife at the time of his injury.  ■  The sole question presented on this review is whether a widow who married an employee between the time of the occurrence of a compensable injury and death resulting therefrom is entitled to a death benefit under the workmen's compensation laws.

The Constitution of California provides for the creation of a complete system of workmen's compensation which expressly includes compensation to dependents of an employee for the latter's death. (Cal. Const., art. XX, § 21.) Such a system has found its way by statutory enactment into the Labor Code. (Lab. Code, div. IV, V.) Liability is imposed upon the employer for the death of an employee when an injury occurring in the course of employment proximately causes death and the conditions of compensation exist. (Lab. Code, § 3600.)

Particularly with respect to dependents, section 3501 reads:

"The following shall be conclusively *presumed* to be *wholly* dependent for support upon a deceased employee: (a) A wife upon a husband with whom she was living *at the time of his injury,* or for whose support such husband was legally liable *at the time of his injury.* (b) A child under the age of eighteen years or over that age but physically or mentally incapacitated from earning, upon the parent with whom he is living at the time of the injury of the parent or for whose maintenance the parent was legally liable at the time of injury, there being no surviving dependent parent." (Italics added.) The following section states:

"In *all other cases,* questions of entire or partial dependency and questions as to *who are dependents* and the extent of their dependency shall be *determined in accordance with the facts as they exist at the time of the injury of the employee."* (Italics added.) (Lab. Code, § 3502.) It is upon those provisions that respondents base their claim that applicant is not entitled to an award; that the presumption of entire dependency cannot apply because it is limited to a wife who was living with the employee at the time of the injury to him (Lab. Code, § 3501(a)); that in all other cases no presumption exists, and questions of who are dependents must be determined by the facts existing at the time of injury to the em-

ployee. That construction is borne out by the history of workmen's compensation laws in this state. The act of 1911 provided that a wife shall be presumed to be dependent upon her husband, and questions "as to who constitute dependents" shall be determined as of the date of the *death* of the employee. (Stats. 1911, p. 796, § 9(3).) The 1913 act contained substantially the same provisions, except there was added to the clause regarding the presumption of a wife being dependent on her husband the words "with whom she was living at the *time of his death.*" (See Stats. 1913, p. 279, § 19; *Garcia* v. *Industrial Acc. Com.*, 171 Cal. 57 [151 P. 741].) The 1917 act contained similar provisions with regard to the wife and children, but provided that in all other cases the question of who is a dependent shall be determined by the facts existing *at the time of the injury.* (See Stats. 1917, p. 831, § 14; *London G. & A. Co.* v. *Industrial Acc. Com.*, 181 Cal. 460 [184 P. 864].) However, in 1919, the Legislature amended the law to specify the date of the injury rather than death as the time at which the then existing facts were controlling in all cases (Stats. 1919, p. 910, § 14), and it has remained substantially the same to the present time.

It has been stated generally in construing the statute that the question of the condition of the dependency as being entire or partial and the extent thereof together with the rate to be applied must be determined as of the date of the injury. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 197 Cal. 17 [239 P. 330]; *Great W. P. Co.* v. *Industrial Acc. Com.*, 196 Cal. 593 [238 P. 662]; *Spreckels S. Co.* v. *Industrial Acc. Com.*, 186 Cal. 256 [199 P. 8]; *Great W. Power Co.* v. *Industrial Acc. Com.*, 191 Cal. 724 [218 P. 1009]; *Market St. Ry. Co.* v. *Industrial Acc. Com.*, 193 Cal. 178 [224 P. 95]; *Landsrath* v. *Industrial Acc. Com.*, 77 Cal.App. 509 [247 P. 227].) The statute as it now reads requires that the issue as to what persons are dependents must be decided on the facts existing at the date of the injury.

It would seem to follow therefore that the determination of who occupies the status of dependents and thus are entitled to the death benefit must be ascertained from the facts existing at the time of the injury which results in the employee's death, rather than those existing at the time of the death. There is no presumption that applicant was wholly dependent on Granell because at the time of the injury she was not married

to him. There is nothing in the record which indicates that there were other circumstances making her a dependent within the meaning of the statute at the time of the injury.

Applicant asserts however, that there are other provisions of the statute which are controlling and compel a different result. Labor Code, section 4700, provides that even though the employee dies after the injury, compensation which has theretofore accrued and is unpaid shall be paid to the employee's dependents or to his estate or heirs if there are no dependents. Section 4701 reads:

"Where an injury causes death, either with or without disability, the employer shall be liable, in addition to any other benefits provided by this division, for: (a) Reasonable expenses of the employee's burial, not exceeding [one hundred fifty dollars] $150. (b) A death benefit, to be allowed *to the dependents* when the employee *leaves any person dependent upon him for support."* (Italics added.) Section 4703 states:

"Subject to the provisions of section 4704, *this section shall determine the right* to a death benefit.

"If there is any person wholly dependent for support upon a deceased employee, such person shall receive the entire death benefit, and any person partially dependent shall receive no part thereof.

"If there is more than one person wholly dependent for support upon a deceased employee, the death benefit shall be divided equally among them.

"If there is more than one person partially dependent for support upon a deceased employee, and no person wholly dependent for support, the amount allowed as a death benefit shall be divided among the persons so partially dependent in proportion to the relative extent of their dependency." (Italics added.) Section 4704 authorizes the commission to set apart or reassign the death benefit to several dependents in accordance with their needs and "may order payment to a dependent subsequent in right, or not otherwise entitled thereto, upon good cause being shown therefor."

Manifestly, those provisions are concerned solely with the question of the *distribution* of the death benefit *once it has been concluded* that *a certain person or persons are dependents.* It presupposes a previous adjudication of the latter issue. Section 4701 merely authorizes a death benefit to dependents. It does not purport to define the term. Section

4703 provides how the benefit award is to be apportioned after the identity of the dependents has been ascertained. Section 4704 places large discretion in the commission with regard to the apportionment of the death benefit. ■ The phrase therein to the effect that it may set apart or reassign the death benefit to one subsequent in right "or not otherwise entitled thereto" cannot be construed as authorizing the commission to disregard the statutory provision for ascertaining dependency. It probably refers to an apportionment to a partial dependent when there are persons wholly dependent and who would not be entitled to an allowance under section 4707 standing alone. The foregoing views find support in section 4550, which reads:

"Where *liability for compensation exists* under this division, such *compensation shall be furnished or paid by the employer and shall be as provided in this chapter.*" (Italics added.) The chapter referred to is chapter 2, the same chapter in which we find sections 4701-4704, relied upon by applicant. By the wording of section 4550 the liability for compensation must exist, that is, there must be a liability to persons who are dependents before the chapter applies.

■ It cannot be said that, as contended by applicant, sections 3501 and 3502 apply only to procedure. The former section specifies the cases in which a conclusive presumption of dependency exists. Manifestly, applicant cannot have the benefit thereof because she was not married to the employee at the time of the injury. The latter section concerns more than procedure. It expressly limits the *time* at which the facts must be considered to determine *whether or not there are any dependents.* That time is the date of the injury and none other. To construe it otherwise would be to give no effect to the words "questions as to who are dependents" and "the facts as they exist at the time of the injury to the employee."

Applicant relies on *Crockett* v. *International Ry. Co.,* 176 App.Div. 45 [162 N.Y.S. 357]; *State Compensation Insurance Fund* v. *Hartman,* 99 Colo. 324 [64 P.2d 122]; *McBride* v. *Industrial Commission,* 97 Colo. 166 [49 P.2d 386]; *Rosell* v. *State Industrial Acc. Com.,* 164 Ore. 173 [95 P.2d 726]; *McKay* v. *Dept. of Labor & Industries,* 180 Wash. 191 [39 P.2d 997, 98 A.L.R. 990], as supporting her construction of our statute. To those citations may be added *Austin Co.* v. *Brown,*

121 Ohio 271 [167 N.E. 874], *Reagh* v. *Texas Indemnity Ins. Co.*, 123 Tex. 57 [67 S.W.2d 233]. In all of those cases the statute either provided that there was a conclusive presumption of dependency of a wife upon her husband unless it is shown that she was living apart from him at the date of his injury or *death*, or with whom she was living at the *time of death*, or declared that the circumstances at time of death were controlling, or the statute allowed the benefit to the "surviving wife" regardless of actual dependency, or no limitations were stated. Particularly in the McBride case, reliance was placed on a section which provided that dependency would depend on whether the person was actually being supported by decedent at the time of death. The Hartman case merely followed the McBride case.

On the other hand in construing statutes similar to ours, it has been uniformly held that one who becomes the wife of an injured employee after the time of the injury is not a dependent entitled to a death benefit. (See *Dahlquist* v. *Nevada Industrial Commission*, 46 Nev. 107 [206 P. 197, 207 P. 1104]; *Magna Copper Co.* v. *Naglich*, 60 Ariz. 43 [131 P.2d 357]; *Kuetbach* v. *Industrial Com.*, 166 Wis. 378 [165 N.W. 302, L.R.A.1918F 476]; *Atkinson* v. *Atkinson*, 47 Ga.App. 345 [170 S.E. 527]; *Gleason's Case*, 269 Mass. 583 [169 N.E. 409]; 2 N.C.C.A. (N.S.) 311; 98 A.L.R. 993; 13 *id.* 686; 30 *id.* 1253; 35 *id.* 1066; 39 *id.* 313; 53 *id.* 218; 62 *id.* 160; 86 *id.* 865; 100 *id.* 1090.)

Finally, applicant contends that because of the peculiar circumstances of the case a new injury occurred after the marriage. The injury in the first instance occurred when decedent lifted a heavy object at which time he felt something snap in his back. He worked off and on thereafter suffering from the injury more or less continually and was examined and treated by various doctors. Finally, after his marriage, he was operated upon pursuant to the advice of an independent medical examiner for herniation of an intervertebral disc. He died during the operation. Assuming that a new injury would fix the time at which the then existing facts must be examined to determine the identity of the dependents, it still remains that his original injury from lifting must have been the proximate cause of the death. Otherwise no death benefit would be recoverable regardless of the existence of dependents. Hence, the time of injury was the date of the lifting. We express no opinion on the question of what date is the time of

an injury in a latent and progressive occupational disease (see *Marsh* v. *Industrial Acc. Com.*, 217 Cal. 338 [18 P.2d 933]) in regard to the ascertainment of the identity of dependents. If the Marsh case be followed in deciding what is meant by time of injury (there the statute of limitation was being considered), that is, that injury and compensable disability are the same, then we must conclude that here the time of injury was before the marriage inasmuch as decedent had a compensable disability and received compensation therefor.

Applicant cites *McKay* v. *Dept. of Labor & Industries, supra; Thorpe* v. *Department of Labor & Industries,* 145 Wash. 498 [261 P. 85]; and *Rosell* v. *State Industrial Acc. Com., supra.* Those cases do not discuss the meaning of the phrase "time of injury" or support applicant's contention, except insofar as they are claimed to generally allow the widow of a marriage after the accident to recover. But as we have seen the statutes considered in those cases were quite different. The Thorpe case was concerned solely with the law applicable to that case, and for a death benefit, it applied the law existing at the date of injury rather than at the date of death at which latter time the law gave a larger death benefit.

For the foregoing reasons the order denying a death benefit to applicant is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.