In the Matter of the Claim of PHILIP NEGLIA, Respondent, against G. A. ZIMMERMAN et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**Appeal — final order — when appeal, by permission, from order of Appellate Division to Court of Appeals is from a final order the Appellate Division need not certify a question to be reviewed; otherwise, if the order is not final — when the Appellate Division upon an appeal from an award of the state industrial board reverses it, and remits the proceeding to the board to change it as directed by the order of the Appellate Division, such order is a final order — Workmen's Compensation Law — award for loss of foot resulting in permanent total disability — when compensation allowed should not exceed fifteen dollars per week.**

1. Where the Appellate Division allows an appeal from an order not a final order it should state the question to be reviewed by the Court of Appeals and in such case the latter court can review the question certified and no other. But when an order of the Appellate Divi-

sion is final and that court allows an appeal, it certifies generally that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals and, therefore, the question need not be stated.

2. Where the Appellate Division upon an appeal from an award of the state industrial board sends the proceeding back to the board with directions to make changes or modifications as directed by the Appellate Division and there is nothing left to be done except to make the order as directed, the order of the Appellate Division should be deemed to be final.

3. Under the Workmen's Compensation Law the loss of a foot is a permanent total disability and when the statute applicable thereto which was in force at the time of the injury (Workmen's Compensation Law, Cons. Laws, ch. 67, § 15, subd. V) provided that the compensation. payment for the loss of a foot amounting to permanent total disability should not exceed fifteen dollars per week, an order of the Appellate Division directing an award for compensation, amounting to twenty dollars a week, as provided under the statute now in force, is erroneous and should be reduced to an amount not exceeding fifteen dollars per week.

*Matter of Neglia,* 206 App. Div. 634, reversed.

(Argued October 2, 1923; decided November 27, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 6, 1923, reversing an award of the state industrial board made under the Workmen's Compensation Law and remitting the matter to said board.

*F. A. W. Ireland* for appellants. Compensation was properly awarded at the rate of fifteen dollars a week. (Cons. Laws, ch. 67, § 15, subd. 5.)

*Carl Sherman, Attorney-General (E. C. Aiken* of counsel), for respondent. Claimant is entitled to twenty dollars a week. (*Phonville* v. *N. Y. & C. S. S. Co.,* 226 N. Y. 622.)

CRANE, J. The only question involved in this appeal is the amount which has been awarded to the claimant. Some question has arisen over our jurisdiction due to the

form of the Appellate Division order. The order of reversal reads:

" Ordered, that the award of the State Industrial Board appealed from be and the same is hereby reversed, and' the matter remitted to the said Board."

On its face this would not be a final order. The Appellate Division, therefore, in certifying to us a question to review should have stated the question. This is the practice pursuant to subdivision 3 of section 190 of the Code of Civil Procedure and subdivision 3 of section 588 of the Civil Practice Act. In such a case this court can only review the question certified and no other. It must certify back to the Appellate Division its determination upon such question.

Where, however, the order of the Appellate Division is final then when that court allows an appeal it certifies generally that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals. The question need not be stated. Such was the practice adopted in this case. The Appellate Division granted leave to appeal to this court and stated that questions of law were involved which should be reviewed by us. (Subd. 4, sec. 190 of the Code of Civil Procedure; subd. 4, sec. 588 of the Civil Practice Act.) The difficulty, however, is that on its face, as above stated, the order is not a final order. While we have determined in view of the opinion and the proceedings that this was intended to be a final order and has so been treated by the Appellate Division yet we call attention to the requisites of the Civil Practice Act in order that the instances in which it is necessary to certify questions may not be overlooked.

It is quite apparent, however, that in sending this proceeding back to the state industrial board, the Appellate Division did so with the intention that that board without a further hearing should make an order carrying out its views as expressed in the opinion, to wit, an allowance to the claimant of two-thirds of his average weekly

wage, or twenty dollars. Where a matter has been remitted with directions to make the changes or modifications as directed by the Appellate Division and there is nothing left to be done except to make the order as directed, we have treated the Appellate Division order as though it were final. (*Matter of Klenk,* 165 App. Div. 917; affd., 214 N. Y. 715.) *People ex rel. Standard Oil Co. of N. Y.* v. *Law* (237 N. Y. 142) was a determination of the state tax commission annulled by the Appellate Division. The matter was remitted to the state tax commission to revise and fix the taxes as specified in the Appellate Division order. Such an order was considered by us as a final order.

There was nothing left for the state industrial board to do except to change its amount allowed to twenty dollars, as directed by the Appellate Division, as it was conceded that the injury was a permanent total disability. The Appellate Division's order in effect, therefore, was final.

This determination that the claimant is entitled to twenty dollars a week for total permanent disability we think erroneous. He is only entitled to fifteen dollars a week. The law now reads (Sec. 15, subd. 1 of the Workmen's Compensation Law [Cons. Laws, ch. 67]): " In case of total disability adjudged to be permanent sixty-six and two-thirds per centum of the average weekly wages shall be paid to the employee during the continuance of such total disability."

Subdivision 6 of this section fixes the maximum and minimum compensation for disability. It reads: " Compensation for disability shall not exceed twenty dollars per week nor be less than eight dollars per week."

It is conceded that this case is one of permanent total disability and the allowance directed by the Appellate Division was correct if this present law were applicable. The law in force, however, at the time of this injury, which was on December 5, 1919, read differently. Section 15, subdivision 1, was the same as at present but subdivision

5 of section 15 placed a different limitation and read as follows: " The compensation payment under subdivisions one, two and four and under subdivision three except in case of the loss of a hand, arm, foot, leg or eye, shall not exceed fifteen dollars per week nor be less than five dollars per week; the compensation payment under subdivision three in case of the loss of a hand, arm, foot, leg or eye, shall not exceed twenty dollars per week nor be less than five dollars a week."

The twenty dollars allowance under this subdivision is limited to the cases falling under subdivision 3 amounting to the loss of a hand, arm, foot, leg or eye. Subdivision 3 of section 15 applies to disability, *partial* in character but permanent in quality. It does not apply to *total* disability. The limitation, therefore, of the allowance for total disability under subdivision 1 is fifteen dollars per week. " The compensation payment under subdivision 1  *  *  *  shall not exceed $15 per week."

The reason no doubt why the larger sum of twenty dollars a week was allowed in case of partial disability through the loss of a foot was that payment was limited to a specified number of weeks, whereas the smaller amount of fifteen dollars allowed for total permanent disability is payable during the continuance of such total disability or during life.

The award of the state industrial board and order of the Appellate Division should, therefore, be reversed and the matter remitted to the state industrial board to proceed as herein directed. with costs against state industrial board.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.