[No. 20763. Department Two. November 10, 1927.]

MARIE THORPE, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

[1] MASTER AND SERVANT (20-1)—LIABILITY FOR INJURIES TO SERVANT —WORKMEN'S COMPENSATION ACT—WHAT LAW GOVERNS. Rem. 1927 Sup., § 7786-1, providing that, "for all cases of injuries to workmen which occurred, and for all claims or actions pending or causes of action existing, before this act shall go into effect," Rem. Comp. Stat., §§ 7673 to 7796 (fixing the rate of compensation) shall continue in force, applies alike to injuries to workmen and claims therefor, and to claims of dependents in case of death, without distinction, including injuries for which no claim had been made.

[2] SAME (20-1). A widow's right to compensation for the death of her husband, employed in an extra hazardous occupation, is governed by the law in force at the time of the injury, which gives him compensation as long as he lives, and upon his death, to his dependents; and not by the law in force at the time of his death.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 3, 1927, in favor of the defendants, sustaining, upon an appeal, an order of the department of labor and industries disallowing a claim for compensation for death. Affirmed.

*Beardslee & Bassett*, for appellant.

*The Attorney General* and *Mark H. Wight, Assistant*, for respondent.

ASKREN, J.—In March, 1918, appellant's husband was injured while engaged in an extra hazardous occupation. Upon claim being made therefor, he was paid compensation by the state, after approval by the department of labor and industries. On May 5, 1926, he died as a result of his injuries and a disease contracted therefrom.

[1] Reported in 261 Pac. 85.

His widow, the appellant, filed her claim for compensation and the department allowed the claim. The amount of the allowance was determined by the department to be governed by the law that was in force at the time of the injury. The appellant claimed that she was entitled to compensation according to the schedule in force at the time of death—a substantial increase in amount. The appellant thereupon appealed to the superior court, which upheld the department and dismissed the case. This appeal followed.

[1] It is conceded by appellant that injuries are compensable only under the schedule in force at the time of the accident, although subsequently increased because of express statutory provision; but it is argued that these provisions do not include claims for death which accrue subsequent to the change in the schedule as a result of the injury sustained prior thereto. In 1919, the legislature amended the compensation act but provided by section 9, as follows:

"For all cases of injuries to workmen which occurred before this act shall go into effect Sections 7675, 7679, 7680 and 7684 shall continue in force as they were prior to and they shall be unaffected by the passage of this amendatory act. The amendatory provisions of Sections 7674, 7676, 7679 and 7680 shall apply only to injuries occurring after they shall go into effect." Rem. Comp. Stat., § 7702.

The sections referred to form the basis of right to compensation. In 1923, the act was again amended, but the schedule of compensation was not changed as to injuries occurring before the amendment. It provided (Laws of 1923, ch. 136, § 20, p. 412; Rem. 1927 Sup., § 7786-1):

"For all cases of injuries to workmen which occurred and for all claims or actions pending or causes of action existing before this act shall go into effect, sections 7673 to 7796 [of Remington's Compiled Statu-

tes of Washington] shall continue in force as they were prior to and they shall be unaffected by the passage of this amendatory act.''

Appellant's argument is two-fold:·first, it is argued that the legislature intended to draw a distinction by the act of 1923 between ''injuries'' and ''claims or actions pending or causes of action.'' It is said that the intent of that body was to make the old schedule applicable to all injuries occurring before the amendment, and to all claims or actions for death that had accrued, or were pending at the time of the amendment. Argument is made that the words ''claim or actions'' mean claim or action of a dependent, because they would add nothing to the phrase ''injuries to workmen'' if they referred to the same thing. But a reading of the entire act·discloses nowhere an· intention to make a distinction between the rights of the injured workman arising from an injury and those of his dependents in case of his death; and we are satisfied that these words have reference to injuries for which no claim has been made, those for which claims have been made, and those for which actions are pending.

[2] The second branch of appellant's argument is that her right to compensation did not arise from her husband's injury, but from his death. With this we can hardly agree. Her right to recover may arise *at* his death, but it certainly arises from his injury. The death of her husband gives her no right whatever unless it be established that it arose from an injury under the act. So that, the injury itself is the real basis for allowance of compensation.

The declared object of the law is to provide compensation for injury. The compensation is to be paid to the injured workman in monthly amounts as long as he lives, and then, upon his death, to his dependents. If he cannot receive during his lifetime a greater

amount than the schedule in force at the time of his
injury, even though the schedule be increased by sub-
sequent legislation, how can the fact of his death give
a greater right to his dependents who claim compensa-
tion by virtue of the same injury? His death operates
only as a transfer of the right to receive the compensa-
tion because of the injury.

Appellant relies chiefly upon the decision of the
Minnesota supreme court in *State ex rel. Carlson v.
District Court of Hennepin County,* 131 Minn. 96, 154
N. W. 661, where a widow was granted compensation
for the death of her husband under the schedule of the
law effective at the time of death, which gave her in-
creased compensation over that in force at the time
of the injury. The point is summarily disposed of by
the court in the following language:

"The claim of plaintiff for compensation does not
arise from the injury to her husband, but is a new and
distinct right of action created by his death. *Anderson
v. Fielding,* 92 Minn. 42, 99 N. W. 357, 104 Am. St.
Rep. 665; *Michigan Central R. Co. v. Vreeland,* 227
U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas.
1914C 176; *American R. Co. v. Didrickson,* 227 U. S.
145, 33 Sup. Ct. 224, 57 L. Ed. 456."

The Minnesota act provides for actions for wrongful
death which are brought against the employer in con-
tradistinction to our own act, which compels all injured
persons to look to the state fund. The decision is at
complete variance with a like question presented to the
Connecticut court in *Quilty v. Connecticut Company,*
96 Conn. 124, 113 Atl. 149, where the court held that:

"The right to compensation arises from the con-
tractual relation between the employer and employee
existing at the time of the injury, and the statute then
in force in relation to compensation formed a part of
the contract of employment, and determined the sub-
stantive rights and obligations of the parties.

"The obligations of the employer to dependents of an employee in case of the death of an injured employee are equally substantive obligations, and are also fixed and determined by the statute in force at the time of the injury."

An investigation of the three cases cited by the Minnesota court as authority for its ruling shows them all to be actions for wrongful death not governed by any workmen's compensation act. The Connecticut case is more nearly in point with the case at bar and is far more persuasive to our minds. Under our law all injuries of every kind, whether based on negligence or not, are placed in one class, and recovery is had from the state, and the basis of all such claims is: that the injury be received in extra hazardous employment. This is true whether the claim be presented by the workman or by his dependents.

Judgment affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.