[No. 22814. Department Two. February 24, 1931.]

ROY FOSTER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1] Reported in 296 Pac. 148.

*The Attorney General, Harry Ellsworth Foster, Assistant,* and *V. D. Bradeson,* for appellant.

*Phil K. Eaton* and *Frank P. Christensen,* for respondent.

BEELER, J.—The facts are undisputed, and may be stated briefly: On February 12, 1927, plaintiff, then an unmarried man, without children, was injured while engaged in an extrahazardous occupation. Upon claim being presented therefor, the department of labor and industries classified his injury as temporary total disability, and awarded him compensation at the rate of $35 per month. February 27, 1928, plaintiff married Mrs. Ethel E. Russell, who had a child by a former marriage. Thereafter a child was born to the plaintiff and his wife. Thereafter plaintiff petitioned the department for additional compensation as a married man with two children, one the issue of the marriage and the other a step-child. The department refused additional compensation and rejected his claim. Thereupon the plaintiff appealed to the superior court for Thurston county. That court found for plaintiff, reversed the decision of the department, and remanded the case with instructions to classify plaintiff as a married man with two children, and directed the department to pay him the awards specified in the statute. From that judgment, the department has appealed.

The sole question presented is whether respondent is entitled to compensation at the rate provided for a

single man, which was his status at the time of injury, or at the rate provided for a married man with two children, which condition arose subsequent to his injury, but prior to his application for increased compensation. Putting the question more precisely: Is respondent limited to compensation in accordance with his *status at time of injury?*

In the case of *Thorp v. Department of Labor and Industries,* 145 Wash. 498, 261 Pac. 85, we held that the widow's right to compensation for the death of her husband was governed by the law in force at the time of injury, and not by the law in force at the time of death. The rule of construction applied to compensation laws generally is that the law in effect at the time of injury governs. *Gleason's Case,* 169 N. E. (Mass.) 409; *Holmberg v. City of Oakland,* 55 Cal. 270, 203 Pac. 167. In the *Gleason* case, *supra,* the employee, Gleason, received injury July 3, 1928. August 4, 1928, he married the claimant. Gleason died September 22, 1928, and thereafter his widow, the claimant, sought compensation under § 3 of the Massachusetts Compensation Act, which defines "dependents" as:

"Members of the employe's family or next of kin who were solely or partly dependent upon the earnings of the employee for support at the time of the injury."

The court rejected her claim, holding:

"Since the claimant was neither next of kin nor a member of the employee's family *at the time of the injury* she cannot recover." (Italics ours.)

In the *Holmberg* case, *supra,* the plaintiff was injured October 2, 1914, and was awarded compensation in accordance with the provisions of the ordinance of the city of Oakland, California, then in effect. January 18, 1919, a new ordinance took effect awarding greater compensation, and thereafter plaintiff sought

to recover the increase. The court in that case denied the application, saying:

"The law at the time of the injury is to be taken as the measure of the right of recovery of the injured person. It was so held by our supreme court in the case of *Hyman Bros. B. & L. Co. v. Industrial Accident Comm.*, 180 Cal. 423, 181 Pac. 784, and the rule therein stated follows in the line of the general authority in other jurisdictions. (Citing cases.)"

See also, *Neglia v. Zimmerman*, 237 N. Y. 131, 142 N. E. 442; *Draper v. Draper & Sons*, 201 App. Div. 770, 195 N. Y. Supp. 162.

Sections 7675 and 7679, Rem. 1927 Sup., are pertinent to the question presented in this appeal. Section 7675, *supra,* provides:

"The word 'Child' as used in this act, includes a posthumous child, a stepchild, a child legally adopted prior to the injury and an illegitimate child legitimated prior to the injury."

This section is clear and unambiguous. It denies to an injured workman the right to recover for an illegitimate child, unless legitimated prior to injury, and for a child not legally adopted. Respondent cannot recover on behalf of his stepchild, for the reason that its status, as such, did not become established until February 27, 1929, the date of the marriage, which was two years subsequent to the date of injury, and therefore we hold that no recovery can be had therefor.

The next inquiry is: Can respondent recover for the child, the issue of the marriage? This precise question has not been presented to this court heretofore. Section 7679, *supra,* in part provides:

"(b) . . . When permanent total disability results from the injury, the workman shall receive monthly during the period of such disability:

"(1) If unmarried *at the time of the injury,* the sum of thirty-five dollars ($35). . . .

"(3) If the workman have a . . . child or children under the age of sixteen years, . . . the monthly payment . . . shall be increased by twelve dollars and fifty cents ($12.50) for the youngest or only child, seven dollars and fifty cents ($7.50) for the next or second youngest child, . . .

"(d) (1) When the total disability is only temporary, the schedule of payments contained in paragraphs (1) . . . and (3) of the foregoing subdivision (b) *shall apply, so long as the total disability shall continue,* . . ." (Italics ours.)

This section contains the complete compensation schedule; it prescribes what shall be paid in case of the workman's death, and who shall receive such payments; it classifies disabilities where the injury is not fatal, and specifically designates what a workman shall receive under each classification, the amount to be paid the workman being fixed according to his domestic or family status. The statute specifies the amount an injured workman, if single, shall receive, and the additional amounts he shall receive for the support of his beneficiaries, if married. But respondent had no beneficiaries at the time he was injured. He admits that he was then an unmarried man, without children. Therefore, his status at the time of injury being that of a single man, subd. b (1), § 7679, *supra,* fixed and determined the amount of compensation to which he was entitled at $35 per month, and under subd. d (1), § 7679, *supra,* the payments specified in subd. b (1), § 7679, *supra, shall apply so long as the total disability shall continue.* But respondent contends that the change in condition, brought about by his subsequent marriage and the acquiring of a stepchild, and a child of his blood, made operative paragraph subd. b (3), and, in support thereof, quotes from an opinion of the *Attorney General* of August,

1920 (Opinions of Attorney General, 1919-1920, p. 297). The material facts in this opinion are:

"An injured workman on April 21, 1918, was adjudged a permanent total disability and granted a pension of $30 per month, comprising $20 a month on his own account, $5 per month on account of his wife, and $5 per month on account of his son, then three years of age. . . .

"On October 3, 1919, a daughter was born to the workman and wife and he now petitions for an additional allowance of $5 per month on account of the daughter."

The *Attorney General* held that subd. b (3) applied to the facts, and that a workman, married at the time of injury, was entitled to additional compensation for children born thereafter. The opinion states:

"We find nothing in the act which would deprive him of this compensation for a child born after his disablement. The compensation is to be determined by the age and number of the children in the claimant's family, regardless of whether born before or after the disability."

The case at bar deals with a different state of facts, and more especially with a different statutory provision, than the case referred to in the opinion of the *Attorney General*. The *status* of the workman, at the time of injury referred to in the *Attorney General's* opinion, was that of a married man, whereas here the workman was single at the time of injury. The rights of the workman referred to in the opinion were determined by subd. b (3), § 7679, *supra,* whereas the rights of the respondent must be determined by subd. b (1) and subd. d (1), § 7679, *supra.* Subdivision b (1) § 7679, *supra,* provides:

"If unmarried *at the time of injury,* the sum of thirty-five dollars ($35)."

. And subd. d (1) provides that, when the disability is only temporary, the schedule of payments in subd. b (1) *shall apply so long as the total disability· shall continue.*

Therefore, it will be observed that subd. b (1) specifically and definitely fixes the amount of compensation an unmarried injured workman shall receive, and subd. d (1) fixes the duration; that is, the injured workman shall receive such compensation as long as disabled. On the other hand, subd. d (3) does not limit the compensation of a married man with a child or children to the number of children he has at the time of injury. This difference in the provisions of the sections is pronounced and significant. The legislature has definitely said that a man, unmarried when injured, shall receive a fixed amount, but a man married at the time of injury shall receive according to the number of his children without limiting it to the children born at the time of injury. We can not overlook the specific limitation as applied to a man who is single at the time of injury. It is not for us to enquire into the reason for the legislative distinction made between a single and a married man.

■ Respondent claims he comes under subd. c, § 7686, which provides:

"(c) If change of circumstances warrants an increase or rearrangement of compensation, like application shall be made therefor. No increase or rearrangement shall be operative for any period prior to application therefor."

This section has no application to the facts in the case now under consideration, for the reasons heretofore assigned, namely, respondent being a single man at the time of injury, the compensation to which he is entitled was definitely and permanently fixed by subds. b (1) and d (1), § 7679, *supra.* Moreover, § 7686, *supra,*

in its entirety, of which subd. c is a part, relates solely to the necessity and manner of making applications and reports relating to change of compensation. It does not enlarge nor alter the compensation as specified and fixed in § 7679, *supra*. It grants no compensatory rights. Subdivision c, *supra*, is, however, authority for permitting application to be made for additional compensation to a workman, if married at the time of injury, by reason of a change of circumstances occasioned by the birth of a child into a family subsequent to his injury.

For the reasons assigned, the judgment of the lower court is reversed.

BEALS, MILLARD, and FULLERTON, JJ., concur.

TOLMAN, C. J. (dissenting)—I am unable to concur in the latter part of the opinion denying an allowance for the child of the injured workman, born in lawful wedlock after the injury.

Possibly, if no practical construction had been placed upon the act, I might follow the construction now placed upon it by the majority; but, since the *Attorney General,* more than ten years ago, ruled, as indicated in the majority opinion, that an allowance should be made to an injured workman on account of a child born subsequent to the injury, and since, apparently, that ruling has been followed by the department, acquiesced in by those who contribute to the fund, and, though the legislature has met many times since, there has been no effort to change or clarify the law, I am constrained to believe that the construction placed upon the act by the *Attorney General* should be followed, and that it is controlling in this case.

The mere fact that, in the particular case considered by the *Attorney General,* the workman was married at the time of the injury, does not in my judgment affect

the situation. Marriage is favored by the law, and a workman, though injured, has the legal right to marry, and the law encourages his doing so. Having married, he, at the time of the birth of his child, was in exactly the same position before the law as was the workman particularly in the mind of the *Attorney General* when the opinion was written, and the allowance for this child should be sustained.

A construction by the chief law officer who is the legal adviser of the department, concurred in by the department and by all concerned for more than ten years, should prevail if the statute can reasonably be construed so as to permit it to prevail. *State ex rel. Cowles v. Schively,* 63 Wash. 103, 114 Pac. 901; *State ex rel. Ball v. Rathburn,* 144 Wash. 56, 256 Pac. 330.

In my judgment, the statute should be thus construed, and I therefore dissent from that part only of the opinion of the majority denying an allowance on account of the minor child born in lawful wedlock after the date of the injury.