[No. 23679.   Department One.   July 6, 1932.]

JENNIE B. SHELDON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Dysart & Ellsbury,* for appellant.

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for respondent.

MITCHELL, J.—This is an appeal from a judgment denying to Mrs. Jennie B. Sheldon compensation under the workmen's compensation act for the death of her husband.   Upon his death, June 4, 1931, she filed in the department of labor and industries a claim for an industrial insurance pension, which was rejected. Upon a rehearing before the joint board of the department, her claim was denied.   She appealed to the superior court, where judgment against her was entered, from which she has appealed.

[1] Reported in 12 P. (2d) 751.

The cause was heard before the joint board of the department and also in the superior court upon stipulated facts, to the effect that the deceased was an employee of Lewis-Pacific Motors, Inc., of Centralia, which owned, maintained and conducted an automobile sales agency, garage and repair shop; that the duties of the deceased included the selling and demonstrating of automobiles to prospective purchasers, and to oversee and direct the making of repairs on automobiles in the garage and repair shop, and to answer emergency calls, and to tow and assist in towing disabled automobiles; that on June 4, 1931, the deceased, accompanied by another salesman of the same employer, went in an automobile used for demonstration purposes to Pe Ell for the purpose of selling an automobile; that the two called on the prospective purchaser, and while returning to Centralia in their automobile, the deceased met with the accident that caused his death.

The orders of the department and its joint board and the judgment of the superior court against the plaintiff were entered upon the decision or finding that the sale of automobiles, in which the deceased was engaged at the time of the accident resulting in his death, was not an extrahazardous occupation under the industrial insurance act.

The question is not whether the deceased was killed while in the course of his employment, but, as appellant states:

"The only question involved in the case is whether or not Mr. Sheldon, at the time he met with the accident which resulted in his death, was employed in extrahazardous employment under the workmen's compensation act."

One must not become confused under the rule announced in the apparently similar case of *Everett v.*

*Department of Labor and Industries,* 167 Wash. 619, 9 P. (2d) 1107. That case and this differ in a most important particular, because in that case, as stated in the opinion, "the question whether a workman whose employer is engaged in an extrahazardous occupation may be employed in a dual capacity, is not involved in this case"—a conclusion that was reached upon an analysis of the statute classifying as extrahazardous the work in which the deceased was engaged at the time he was killed.

Here, however, the statutes, Rem. 1927 Sup., §§ 7674 and 7676, in declaring and classifying what are extrahazardous employments, together with the schedule of contributions to be paid into the state treasury for the accident fund, and mentioning the industrial insurance rate, per cent of pay-roll, and medical aid rate, cents per day, provided in § 7676:

|  | Industrial In-surance Rate, Per Cent of Pay-roll | Medical Aid Rate, Cents Per Day |
|---|---|---|
| "34-1 Auto repair-shops (operation) | ½% | 2 |
| "Auto garages (operation).... | ½% | 2 |
| "Vulcanizing tires and tubes... | ½% | 2 |
| "Automobile painting ......... | ½% | 2" |

In § 7674, upon enumerating a large number of employments as extrahazardous, the section then reads:

"Provided, however, the following operations shall not be deemed extrahazardous within the meaning, or be included in the enumeration, of this section, to wit: . . . driving automobiles, exclusive of trucks mentioned in class 11-1 of section 7676 of Remington's Compiled Statutes."

So that, while under class 34-1 of § 7676, although repair shops (operation), auto garages (operation), vulcanizing tires and tubes, and automobile painting, and also truck driving under class 11-1 of the same section, were designated as extrahazardous, the pro-

viso in § 7674 specifically took the driving of automobiles, exclusive of trucks, out of the act as extrahazardous employment. Thus, as to the present case there was introduced by the statute that duality of employment sometimes involved in industrial insurance cases. No doubt, a part of the work conducted by decedent's employer was extrahazardous, but certainly the deceased was not so engaged at the time of the injury which caused his death. He was engaged at that time in driving his employer's automobile, which was devoted to the purpose of demonstrations in dealing with prospective customers, a kind of work expressly excluded from the operation of the act as extrahazardous. Nor was the salesmanship of automobiles an extrahazardous occupation, by declaration of the legislature or order of the department.

It may be mentioned that chapter 104, Session Laws of 1931, p. 297, amended former statutes upon this subject, but the amendatory act did not go into effect until after June 4, 1931, the date of the accident involved in these proceedings. The rights of the parties are governed by the law in force at the time the injury occurred. *Thorpe v. Department of Labor and Industries,* 145 Wash. 498, 261 Pac. 85.

Judgment affirmed.

MAIN, HERMAN, BEALS, and MILLARD, JJ., concur.