[No. 25316. Department Two. December 21, 1934.]

CLARA EVA McKAY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant (V. D. Bradeson,* of counsel), for appellant.

*Thomas Smith, James G. Smith,* and *Clarence J. Coleman,* for respondent.

HOLCOMB, J.—The facts are undisputed in this case that the workman was single at the time of his injury; that he was not married to respondent until some three years after the accident, and one child was born of the union; that he died on July 4, 1932. Respondent filed a timely claim for pension on account of his death, as a widow, which was rejected by appellant. There-

[1]Reported in 39 P. (2d) 997.

after, a hearing was had before the joint board, at which hearing appellant did not controvert the evidence on her behalf that the deceased died as a result of the accident. The claim was rejected solely on the ground that respondent was not the widow of the deceased workman within the meaning of the compensation act.

On respondent's appeal to the superior court, it reversed the order of the department, and found as a fact and concluded and adjudged that respondent is the widow of the deceased workman as defined in the workmen's compensation act. The trial court thereupon remanded the matter to the department to award compensation as provided by law to respondent as the widow of the deceased workman, and for such compensation as is provided for her child.

On appeal, the sole question to determine is whether a woman who marries the injured workman subsequent to his injury is entitled to compensation as his widow under the act where the injury causes the death of the workman.

Counsel agree that it is well settled in this state that the law in effect at the time of the injury governs the rights of the parties, as decided in *Thorpe v. Department of Labor and Industries,* 145 Wash. 498, 261 Pac. 85; *Foster v. Department of Labor and Industries,* 161 Wash. 54, 296 Pac. 148, 73 A. L. R. 1012; *Sandahl v. Department of Labor and Industries,* 170 Wash. 380, 16 P. (2d) 623.

Appellant deduces one conclusion from that state of the law and respondent another. Respondent asserts that she is not seeking any benefits from any change in the law.

The statutory provisions in force at the time of the accident, so far as pertinent here, were and now are: Rem. Rev. Stat., § 7675 [P. C. § 3470], defining de-

pendents of an injured workman as certain specified relatives and the beneficiary as meaning the husband, wife, child, or dependent of a workman in whom shall vest a right to receive payment under the act.

Section 7679, Rem. Rev. Stat. [P. C. § 3472], provides:

"Each workman who shall be injured in the course of his employment, or his family or dependents in case of death of the workman, shall receive out of the accident fund compensation in accordance with the following schedule, and, except as in this act otherwise provided, such payment shall be in lieu of any and all rights of action whatsoever against any person whomsoever. . . .

"(1) If the workman leaves a widow or invalid widower, a monthly payment of thirty-five dollars ($35.00) shall be made throughout the life of the surviving spouse, . . ."

Another provision provides:

"(4) In the event a surviving spouse receiving monthly payments shall die, leaving a child or children under the age of sixteen years, such child or children shall receive each the sum of twenty-five dollars ($25.00) per month until arriving at the age of sixteen years, . . ."

There is no definition of the word "widow" to be found in the act, but we have defined "widow" as "a married woman whose husband is dead." *Meton v. Industrial Insurance Department*, 104 Wash. 652, 177 Pac. 696.

Our statute contains no provision to the effect that the status of the party is determined at the date of the accident, which might have been included. The statutes of some of the states do, but it would be useless to review such statutes and the decisions of the courts under them.

Appellant urges that the case of *Foster v. Depart-*

*ment of Labor and Industries, supra,* is controlling. In that case, there was no widow involved. The injured workman, who was single when injured, himself attempted to increase his compensation because of a subsequent marriage, the birth of a child, and the existence of a step-child. We held that this could not be done because his compensation was expressly fixed by the statute which provided that the workman shall receive monthly "if unmarried at the time of injury, the sum of thirty-five dollars ($35)."

In an earlier case, *Zahler v. Department of Labor and Industries,* 125 Wash. 410, 217 Pac. 55, we decided that:

"While the workman lives, he is entitled to the award payable on account of his injury, and upon his death, under the conditions specified in the law, his family or dependents are allowed compensation, not for his injury for which he himself is entitled to an award, but for his death."

In the *Thorpe* case, *supra,* we held that the right of compensation to the widow arose at his death, and certainly arose from his injury.

The plain and unambiguous language of the statute provides the compensation to respondent. In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it a rational statute. This is not the case here.

The judgment is right, and is affirmed.

MITCHELL, STEINERT, and BLAKE, JJ., concur.

BEALS, C. J. (dissenting)—In the case of *Foster v. Department of Labor and Industries,* 161 Wash. 54, 296 Pac. 148, 73 A. L. R. 1012, this court held that an injured workman who married after suffering an injury for which he was receiving compensation under the act was not entitled to increased compensation

either on account of a minor child of his wife's or a child subsequently born to himself.

The sections of the statute applicable are referred to in the opinion, as are also authorities which are in point upon the question then under discussion. In the case cited, the court held that the marital status of the workman at the time of the injury was controlling. In this case, the majority distinguishes the *Foster* case because "in that case there was no widow involved." While there was no widow, there was a wife; also a step-child and a natural child, and it seems to me that, under the statute, the widow of a workman when the marriage occurred after the injury has no greater rights than a natural child of the workman born of a marriage which took place after the injury.

By Rem. Rev. Stat., § 7679 [P. C. § 3472], paragraph (i), it is provided that the wife of an injured workman living in a state of abandonment for more than one year at the time of the injury or subsequently shall not be a beneficiary under the act. It is difficult for me to understand why a woman who marries a man subsequent to his injury may acquire greater rights than could a wife who returned to her husband after the injury and resumed marital relations with him.

The supreme judicial court of Massachusetts, in *Gleason's* case, 269 Mass. 583, 169 N. E. 409, held that, under the law of that state, the widow of an injured workman who married him subsequent to his injury was not entitled to the benefits of the act. The law of Massachusetts defined "dependents" as

" 'members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury.' "

While no such definition is found in our statute, it seems to me that, construing our act as a whole and considering the different definitions therein contained, the two laws mean the same thing, and in such a case as this should be construed alike.

Rem. Rev. Stat., § 7679 [P. C. § 3472], (b), subd. (1), referring to payments to be made for permanent total disability, reads, "If unmarried at the time of the injury, the sum of thirty-five dollars ($35.00)." It seems to me clear that this and subsequent sections all refer to the status of the workman and his family at the time of the injury, and that no exception should be made save as to children subsequently born of a marriage consummated prior to the injury.

By Rem. Rev. Stat., § 7675 [P. C. § 3470], the word "child" as used in the act is defined as including "a posthumous child, a step-child, a child legally adopted prior to the injury and an illegitimate child legitimated prior to the injury."

Certainly, if a father can not bring his illegitimate child within the provisions of the act by taking steps subsequent to his injury which make the child legitimate under the law, the benefits of the act should not be extended to benefit a woman who deliberately marries a man after he has been classified as injured under the statute.

The supreme court of Utah, in the case of *Sarich v. Industrial Commission*, 64 Utah 17, 227 Pac. 1039, 35 A. L. R. 1062, held that a woman marrying a workman who had suffered a mortal injury was not entitled to compensation, as by his death she was deprived of no tangible support. That was, of course, an extreme case, but it seems to me that, as in the case at bar respondent married the injured workman after he had suffered disability, under the act she can not now claim the benefits of the statute.

This court has repeatedly held that the law in effect at the time of the injury controls the rights of the parties. *Thorpe v. Department of Labor and Industries,* 145 Wash. 498, 261 Pac. 85; *Sheldon v. Department of Labor and Industries,* 168 Wash. 571, 12 P. (2d) 751.

It seems to me that an important question of public policy is involved in this case, and that respondent is not entitled to recover. I accordingly dissent from the conclusion reached by the majority.