[No. 26473. Department Two. September 13, 1937.]

HOWARD S. WHITNEY, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*F. M. O'Leary*, for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant*, for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court affirming an order of the department of labor and industries rejecting a claim.

Howard S. Whitney and Jack Riegel, under the firm name of the Whitney Motor Company, were engaged in Mason City, Okanogan county, in the business of selling new and used automobiles. In connection with their business, they did not operate a garage or repair shop. The new cars were kept in a display or sales room, and the used cars were kept on an adjacent lot, referred to as the "used car lot." The firm employed a mechanic who worked on half-time, his hours being from eight o'clock a. m. until twelve o'clock noon. In the afternoon, this mechanic acted as a salesman. The

[1]Reported in 71 P. (2d) 414.

work which the mechanic was employed to do was largely reconditioning used cars which the firm had taken in part payment upon new sales and, to some extent, servicing new cars for the road.

On September 7, 1935, Whitney went to Spokane, driving one of the firm's demonstration automobiles. The purpose of the trip to Spokane, as he testified, was:

"It covered several things, but the most important probably was my business with Pacific Finance Company, who financed most of my automobile paper."

At about four o'clock on September 9th, Whitney caused to be mailed from Spokane an employer's payroll report, a check, and a letter to the department of labor and industries. The purpose was to bring under the workmen's compensation act the mechanic and each of the partners. This letter was not received until the following day, sometime during the afternoon.

On the morning of the tenth, Whitney started to return to Mason City, driving the automobile, and, while on the way, had an accident in which he sustained a serious injury. Thereafter, he presented a claim to the department, which was rejected by the supervisor and also by the joint board. It is from the order rejecting the claim, as already suggested, that the appeal was taken to the superior court.

Whether the reported payroll and the check were received by the department within time to comply with Rem. Rev. Stat., § 7675 [P. C. § 3470], is wholly immaterial, because there is another reason, supported by two cases from this state, which requires the affirming of the judgment of the superior court.

■ A claimant is not entitled to compensation unless the work or occupation in which he was engaged at the time of the injury had been classified as extra-

hazardous. *Denny v. Department of Labor & Industries,* 172 Wash. 631, 21 P. (2d) 275.

The business of selling automobiles or driving one has not been classified as extrahazardous. *Sheldon v. Department of Labor & Industries,* 168 Wash. 571, 12 P. (2d) 751.

The claimant at the time of his injury not being engaged in work that had been classified as extrahazardous, his claim was properly rejected.

The judgment of the superior court will be affirmed.

STEINERT, C. J., BEALS, ROBINSON, and HOLCOMB, JJ., concur.