[No. 29495. Department Two. June 21, 1945.]

FAY BARLIA, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Maslan & Maslan,* for appellant.

*The Attorney General* and *Harry L. Parr, Assistant,* for respondent Department of Labor and Industries.

[1]Reported in 160 P. (2d) 503.

*Grosscup, Morrow & Ambler, T. J. Hanify, Hulbert, Helsell & Paul, Laube & Laughlin, Little, Leader, LeSourd & Palmer,* and *L. B. Donley,* for respondent Northwest Metal Products, Inc.

SIMPSON, J.—This appeal involves the claim for a widow's pension which was presented to the department of labor and industries. The cause comes to us upon an agreed statement of facts.

David Barlia was injured in 1938 while engaged in an extrahazardous occupation. His claim was allowed after appeal to this court. *Northwest Metal Products v. Department of Labor & Industries,* 12 Wn. (2d) 155, 120 P. (2d) 855. Thereafter he was paid compensation until he died May 9, 1943.

His widow filed a claim for a pension which was allowed by the supervisor of industrial insurance in the sum of $47.50 per month for herself and child. Mrs. Barlia, contending that she should be allowed sixty-five dollars per month under the provisions of Rem. Supp. 1941, § 7679 [P. P. C. 705-1], appealed to the joint board of the department. August 16, 1943, the application for a rehearing was denied by the board in the following language:

"IT IS HEREBY ORDERED THAT the application for rehearing be and hereby is denied; the Joint Board in its opinion considers that the Department has previously considered fully all matters raised by said application, and the Supervisor's order of July 7, 1943 is hereby confirmed."

Mrs. Barlia appealed to the superior court of King county. The department of labor and industries and the employer of David Barlia filed motions to dismiss the cause upon the ground that the widow was only entitled to be paid in accordance with the schedule of payments effective at the time her husband had been injured. The motion was granted, and the court entered a judgment dismissing the appeal.

Mrs. Barlia then appealed to this court. She contends that the trial court erred in the following particulars: (1) In refusing to hold that she and her child were entitled to

compensation under the schedule in effect under the laws of 1941 and in holding that the schedule in effect in 1938 applied, and (2) affirming the order of the department of labor and industries.

Prior to December 3, 1942, the amounts allowed to widows of workmen engaged in extrahazardous occupations were regulated by Rem. Rev. Stat., § 7679. Subsequent to that date, the amounts have been controlled by Rem. Supp. 1941, § 7679, known as referendum No. 22.

■ The decision in this case is governed by *Lynch v. Department of Labor & Industries*, 19 Wn. (2d) 802, 145 P. (2d) 265. In that case, it appeared that a workman suffered an injury in the year 1937, but did not receive compensation. He died in 1940, and his widow filed a claim for pension. Her claim was rejected by the department, but allowed by the jury on appeal to the superior court. Thereafter, the department in obedience to the judgment rendered upon the verdict allowed the claim and, in so doing, based the allowance upon the schedule in effect at the time the injury occurred. On appeal to this court, it was held that the department's allowance was correct and that referendum No. 22 did not have retroactive effect.

It is urged by appellant that the facts in this case call for a different result. We are unable to conclude that the facts in this case change in any manner the application of the rule in the *Lynch* case. In that case, we called attention to our well-established rule that a statute is presumed to operate prospectively and will not be held to apply retroactively in the absence of language which clearly indicates such legislative intent. Attention was also called to the rule that awards payable under our compensation act are governed by the law in effect at the time the injury of the workman occurred. It was then stated:

"If referendum measure 22 be read and construed in the light of the rules hereinbefore stated, our conclusion must be that the provision for increased pensions to the widows of injured workmen speaks *in futuro* and includes only those cases where the injury to the workman occurs subsequent to the effective date of the measure, December 3, 1942."

The only factual difference in this and the *Lynch* case is this: In the case at bar, the workman suffered his injury while the old act was in force, but died after the effective date of the act of 1941. The difference in the facts in this and the cited case does not change in any way the application of the rule announced in the *Lynch* case.

■ Appellant contends that she had a new right to compensation upon the death of her husband and in support of that argument cites *Zahler v. Department of Labor & Industries*, 125 Wash. 410, 217 Pac. 55; *McKay v. Department of Labor & Industries*, 180 Wash. 191, 39 P. (2d) 997, 98 A.L.R. 990; *McFarland v. Department of Labor & Industries*, 188 Wash. 357, 62 P. (2d) 714; *Purdy & Whitfield v. Department of Labor & Industries*, 12 Wn. (2d) 131, 120 P. (2d) 858.

Those cases, when analyzed, do not have a bearing upon the situation present here. They simply hold that the rights of the widow are never waived by the neglect of her husband to insist upon his rights.

The new independent right given to the widow at the time of the death of the workman relates not to the pension, but to the rights which were those of her husband during his lifetime.

The judgment is affirmed.

BEALS, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.