[No. 31011. Department One. November 1, 1949.]

CATHERINE PINKSTON, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Bernard A. Johnson, Assistant*, for appellant.

*Clarence J. Coleman* and *Thos. G. McCrea*, for respondent.

SCHWELLENBACH, J.—This is an appeal from a judgment of the superior court for Snohomish county, reversing an order of the department of labor and industries, the judgment holding that the claimant, as a beneficiary under the workmen's compensation act, was entitled to retain the time loss compensation paid for herself and invalid husband, also a pensioner under the act.

On April 30, 1945, Catherine Pinkston sustained an injury to her back while employed by Weyerhaeuser Timber Company. She was paid twenty-nine months' time loss and,

[1]Reported in 210 P. (2d) 821.

on April 16, 1948, was adjudged permanently and totally disabled and entitled to a pension. However, the departmental order, dated April 16, 1948, recited that she had been overpaid for time loss to the extent of $803.35, the overpayment having arisen because of the allegation that her husband was an invalid and dependent upon her for support; whereas, the husband is also a recipient of a monthly pension as a married man with a classification of total permanent disability under another claim. It was ordered that her monthly rate of compensation be revised accordingly.

Mrs. Pinkston appealed to the joint board, which, after a hearing, sustained the order of the supervisor. She then appealed to the superior court, which ruled as above noted. The department now appeals to this court from the judgment of the superior court.

Rem. Supp. 1947, § 7679 (b), provides:

"(b) Permanent total disability means loss of both legs, or arms, of one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the workman from performing any work at any gainful occupation.

"When permanent total disability results from the injury, the workman shall receive monthly during the period of such disability: (1) If unmarried at the time of the injury, the sum of seventy-five dollars ($75).

"(2) If the workman have a wife or invalid husband, but no child under the age of eighteen years, the sum of one hundred dollars ($100).

"If the husband is not an invalid the monthly payment of one hundred dollars ($100) shall be reduced to fifty dollars ($50) as long as they are living together as husband and wife."

Rem. Rev. Stat. (Sup.), § 7675 [P.P.C. § 709-1], defines "invalid" as follows:

"Invalid means one who is physically or mentally incapacitated from earning."

The department admits that, under the definition of "invalid," there is no requirement that the husband, as such, be dependent upon his wife for support. The department agrees that the husband, being totally permanently dis-

abled, should receive a pension as head of the family. It also agrees that the wife, being totally permanently disabled, is entitled to a pension. However, it is the department's contention that, under this set of facts, the wife should not be entitled to added compensation because of an invalid husband. It is claimed that this results in double compensation being paid for one injury and that this was not the intention of the legislature.

 We find no ambiguity in the act. It is clear and express in its terms. The only conclusion we can reach is that the legislature intended to say what it did say. We agree with appellant that a manifest abuse has arisen because of the situation now confronting us. We are satisfied that when the act was drawn such a situation did not occur to the legislature. However, there is nothing for us to do about the matter. The department must look to the legislature for relief, rather than to the courts.

In *McKay v. Department of Labor & Industries*, 180 Wash. 191, 39 P. (2d) 997, 98 A. L. R. 990, the question arose as to whether or not, under the applicable statute, a widow was entitled to a widow's pension when she had married the injured workman after the date of his injury. We there held that the widow was entitled to a pension, saying:

"The plain and unambiguous language of the statute provides the compensation to respondent. In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it a rational statute. This is not the case here."

The judgment is affirmed.

SIMPSON, C. J., GRADY, HAMLEY, and DONWORTH, JJ., concur.