In the Matter of the Claim of Samuel Bernsohn, Appellant, against George Ferguson Co. et al., Respondents. Workmen's Compensation Board, Respondent.— Appeal by claimant from that part of the decision and award of the Workmen's Compensation Board which fixed the compensation rate. This case is before us a second time. On the first appeal, we held that the board had erred in failing to find that claimant was totally disabled and remitted the matter for further consideration (281 App. Div. 722). Upon such remission, the board modified its prior decision to the extent of finding that claimant had been totally disabled since 1932. However, it did not alter its earlier finding that claimant was entitled to a maximum rate of $9.61, the board ruling that the amendment to subdivision 6 of section 15 of the Workmen's Compensation Law, effective April 19, 1930 (L. 1930, ch. 609), which increased the allowance in a case of total disability, was not retroactive, and that the rate of $9.61 was the maximum allowance under the pre-existing law. Since the law in force at the time of the injury is controlling (*Matter of Neglia* v. *Zimmerman*, 237 N. Y. 131; *Matter of Draper* v. *Draper & Sons*, 201 App. Div. 770), the board's factual determination of the compensation rate based on that law must be sustained. We find that the board has, in effect, made a determination of the claimant's average weekly earnings as the basis for a computation of the compensation rate, and that its determination is supported by substantial evidence. Decision and award unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.

In the Matter of the Claim of Timothy Dunleavy, Appellant, against Walsh, Connelly, Senior & Palmer et al., Respondents. Workmen's Compensation Board, Respondent.— Claimant appeals from a decision of Workmen's Compensation Board disallowing his claim for compensation. He secured work December 10, 1951, with respondent employer as a sand hog. After twenty-eight days in 1952 he stopped work because of silico-tuberculosis, claiming total disability as a result of such employment. The board has found that claimant was totally disabled before such employment by reason of said disease. Claimant had worked as a sand hog in tunnel excavation for some twenty-five years subsequent to 1923. In March, 1950, he entered New York Hospital for treatment for thrombophlebitis. There a routine chest X-ray revealed a condition of silicosis with super-imposed tuberculosis. Periodic chest X-rays were taken thereafter. By direction of the board a member of its panel of chest consultants examined claimant, reporting and testifying as to his condition. That doctor testified that claimant was totally disabled by reason of the silicotic and tubercular condition in March, 1950, and that because of such condition any work thereafter, whether in dust or out of it, would be harmful. Testimony as to dust conditions involved in the employment with the respondent employer was in conflict, but the board could find, as it did, that he had been exposed to silica dust in this as well as in prior employments. The findings of the board that claimant was totally disabled from silico-tuberculosis prior to his employment with the respondent employer and that his total disability is not due to such employment were substantially supported by the evidence. Decision unanimously affirmed, without costs. Present — Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ.