[No. 36643. Department Two. April 18, 1963.]

HELEN K. ASHENBRENNER, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.**

*Cartano, Botzer & Chapman* and *Robert A. O'Neill*, for appellant.

*The Attorney General* and *Robert M. Elston, Assistant*, for respondent.

RYAN, J.[†]—This is an appeal from a judgment of the Superior Court for King County, dismissing with prejudice

* Reported in 380 P. (2d) 730.

---

†Judge Ryan is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

an appeal from an order of the Board of Industrial Insurance Appeals.

There is no dispute as to the facts, and the only question before this court is one of law concerned with construction of the applicable statute, which is RCW 51.32.060, as amended by Laws of 1951, chapter 115, § 2, p. 284, and as further amended by Laws of 1957, chapter 70, § 31, p. 285.

The appellant was injured, in the course of her employment for the Chehalis Packing Company, on July 2, 1955. The claim for this injury was allowed, treatment was provided, and it was thereafter closed on November 10, 1955.

On October 14, 1957, the claimant filed an application to reopen the claim for aggravation of condition. The department reopened the claim, and the reopening was sustained on an appeal by the employer to the Board of Industrial Insurance Appeals. Thereafter, by order of the Supervisor of Industrial Insurance, dated December 15, 1958, the claimant was declared to be permanently and totally disabled, and was placed on the pension rolls, effective December 14, 1958.

The claimant is a married woman with a husband who is not an invalid. This has been her marital status at all times since the date of her injury on July 2, 1955. At the time of placing her on the pension rolls, in December of 1958, the department was under the impression that she was a single woman and, therefore, established her pension at $100 per month, which was the statutory rate in effect, at the time of her injury, for a single woman. Later, however, it was discovered, in the spring of 1961, that she was married, with a husband who was not an invalid, and, accordingly, her pension was reduced to $75 per month, in accordance with the schedule in effect at the time of her injury.

The claimant then secured counsel, and demanded of the department that her pension be established at $155 per month, effective as of the date she was originally declared to be permanently, totally disabled. The department rejected this demand on October 11, 1961, following which the claimant filed the instant appeal to the Board of Indus-

trial Insurance Appeals, contending that the amount of her pension is controlled by RCW 51.32.060, as amended by Laws of 1957, chapter 70, § 31, p. 285, providing for $155 per month to a claimant with a husband. The Board of Industrial Insurance Appeals sustained the decision of the Department of Labor and Industries, and the claimant appealed to the superior court.

The appellant assigns error to the court's entering judgment for the respondent, and dismissing the action with prejudice.

RCW 51.32.060 (Laws of 1951, chapter 115, § 2, p. 284) provides as follows:

"When permanent total disability results from the injury, the workman shall receive monthly during the period of such disability:

"(a) If unmarried at the time of the injury, the sum of one hundred dollars.

"(b) If the workman has a wife or invalid husband, but no child, the sum of one hundred twenty-five dollars. If the husband is not an invalid the monthly payment of one hundred twenty-five dollars shall be reduced to seventy-five dollars as long as they are living together as husband and wife. . . ."

This section was amended by Laws of 1957, chapter 70, § 31, p. 285, to read as follows:

"When the supervisor of industrial insurance shall determine that permanent total disability results from the injury, the workman shall receive monthly during the period of such disability:

"(1) If unmarried at the time of the injury, the sum of one hundred twenty-five dollars.

"(2) If the workman has a wife or husband, but no child, the sum of one hundred fifty-five dollars. . . ."

In support of her position, the appellant urges that the 1957 statute should govern, and that her compensation should be fixed in accordance with its provisions. She contends that this statute is clear and unambiguous, and can only be construed as providing that her compensation be fixed as of the time her claim was allowed, rather than as of the time of her injury. She argues that the 1957

statute, which inserts "the supervisor of industrial insurance shall determine that" between the words "When" and "permanent," was intended by the legislature to amend the 1951 statute to fix the time of the determination of permanent, total disability as controlling.

It has been firmly established in this state, by a consistent series of decisions of this court, that the rights of claimants under the Workmen's Compensation Act are controlled by the law in force at the time of the person's injury, rather than by a law which becomes effective subsequently. *Thorpe v. Department of Labor & Industries*, 145 Wash. 498, 261 Pac. 85 (1927); *Foster v. Department of Labor & Industries*, 161 Wash. 54, 296 Pac. 148, 73 A. L. R. 1012 (1931); *Sheldon v. Department of Labor & Industries*, 168 Wash. 571, 12 P. (2d) 751 (1932); *Lynch v. Department of Labor & Industries*, 19 Wn. (2d) 802, 145 P. (2d) 265 (1944); *Barlia v. Department of Labor & Industries*, 23 Wn. (2d) 126, 160 P. (2d) 503 (1945); *Bodine v. Department of Labor & Industries*, 29 Wn. (2d) 879, 190 P. (2d) 89 (1948).

In the case of *Lynch v. Department of Labor & Industries, supra,* this court said (p. 807):

"It is a fundamental rule in this state that a statute will be presumed to operate prospectively only, and that it will not be held to apply retrospectively in the absence of language clearly indicating such legislative intent. [Citing cases.]

"It is also the general rule in this state that awards payable under the workmen's compensation act are governed by the law in effect at the time the injury to the workman occurred. [Citing cases.]"

The *Lynch* case was followed and relied upon by the later cases of *Bodine v. Department of Labor & Industries, supra,* and *Barlia v. Department of Labor & Industries, supra,* as stating the controlling rule of law.

Keeping in mind the above-stated basic rules, we must then inquire into the legislative intent in enacting the 1957 amendment to RCW 51.32.060.

Appellant insists that there is no need for statutory construction in this case because the language is clear and

certain, requiring no interpretation. She contends that the words "When the supervisor of industrial insurance shall determine" are obviously intended to designate the law in effect at the time of such determination as that controlling the compensation to which she is entitled, but the insertion of these words certainly did not fully and completely spell out the changes appellant urges.

It may well be argued that, if the legislature intended such a major modification, it might have easily resorted to the use of such additional terms as "regardless of the date of injury" or "notwithstanding any other provision of law." It is further difficult to understand why the legislature used the phrase "at the time of the injury" in subdivision 1 of the 1957 amendment, if its intention was to fix a later time for determining the controlling law.

It is obviously the duty of this court to interpret the statute in question. In doing so, we are bound by certain well recognized rules of statutory construction.

"As an aid in the construction of a statute, it is to be assumed or presumed that the legislature was acquainted with, and had in mind, the judicial construction of former statutes on the subject, and that the statute was enacted in the light of the judicial construction that the prior enactment had received, or in the light of such existing judicial decisions as have a direct bearing upon it. Such earlier decisions will accordingly be taken into consideration. Thus, in the interpretation of statutory law after an amendment thereof, the courts may take into consideration the construction by earlier decisions of the statute before its amendment. . . ." 50 Am. Jur., Statutes § 321, p. 312.

". . . Courts, do not, however, favor repeals of settled principles by implication, and the legislature in the enactment of a statute will not be presumed to intend to overturn long-established legal principles, unless such intention is made clearly to appear by express declarations or by necessary implication. To the contrary, the legislature will be presumed not to intend to overturn long-established principles of law, and the statute will be so construed, unless an intention to do so plainly appears by express declaration or necessary or unmistakable implication, and the language employed admits of no other reasonable construction. . . ." 50 Am. Jur., Statutes § 340, p. 332.

In *Hatzenbuhler v. Harrison*, 49 Wn. (2d) 691, 697, 306 P. (2d) 745 (1957), we said:

"Another rule of statutory construction which the courts observe is that the law-making body is presumed to be familiar not only with its own prior legislation relating to the subject of legislation, but also with the court decisions construing such former legislation. [Citing cases.] . . ."

■ Considering the fact that the legislature is presumed to have been familiar with the rules, prior legislation, and prior court decisions pertaining both to prospective and retrospective effect of legislation and the law governing awards of workmen's compensation, it can only be concluded that the legislature intended no departure from the long-established rule that would require the appellant's award to be governed by the law in effect at the time of injury.

Appellant cites, in support of her position, the case of *Talbot v. Industrial Ins. Comm.*, 108 Wash. 231, 183 Pac. 84, 187 Pac. 410 (1919), but that case is not applicable here for the reasons stated in the *Lynch* case, *supra*, which was decided much later, and in which the *Talbot* case was carefully analyzed and described as not being in conflict with the present view of the law or the weight of authority, because of the particular circumstances and considerations pertaining to the legislation there involved.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.